[No. 703-1.    Division One—Panel 1.    October 18, 1971.]

SIDNEY NESTEGARD et al., *Respondents,* v. INVESTMENT EXCHANGE CORPORATION et al., *Appellants.*

*Laurason T. Hunt,* for appellants.

*Douglas C. Anderson,* for respondents.

Horowitz, C.J.—The controlling question presented by plaintiffs' motion to dismiss defendant's appeal is whether

the judgment appealed from, purporting to forfeit a real estate contract and to grant incidental relief, is appealable under CAROA 14(1) as a "final judgment." We hold that the judgment appealed from is not such a final judgment.

Plaintiffs Nestegard, as vendors, entered into a real estate contract with the defendant Investment Exchange Corporation for the sale to it of land situated in King County, Washington. The contract price was $60,000, $15,000 down and the balance payable in monthly installments of $450. The contract contained a forfeiture clause and provided for recovery of attorney's fees and costs in the event forfeiture was decreed.

The contract vendee became delinquent in four monthly payments. Plaintiffs forfeited the contract in accordance with its provisions. Plaintiffs then filed their complaint below seeking a decree of forfeiture and incidental relief, including costs and attorney's fees to be fixed by the court, no special amount being alleged. Defendants answered admitting the complaint allegations but resisting the relief prayed for, and in turn prayed that plaintiffs' relief be limited to judgment for delinquent payments and interest thereon and that the real estate contract be reinstated. The answer pleaded affirmatively that the defendant vendee is a general partner of the defendant Commonwealth Investors Group; that the latter is a Washington limited partnership composed of approximately 1,000 investors, citizens of Washington; that plaintiffs had been paid the sum of $27,600, leaving a contract balance of $39,745.04; and that if the plaintiffs were granted the relief prayed for it would "cause undue hardship and great harm to Defendants and [would] unjustly enrich Plaintiffs all to Defendants irreparable damage."

Thereafter plaintiff husband served and filed a motion for summary judgment supported by his affidavit attesting to the accuracy of the complaint allegations admitted in the answer. No answering affidavit was filed by or on behalf of defendants. On January 9, 1970, after hearing had on the pleadings, affidavit and colloquy of counsel, the record of

which is not before us, the court in effect granted the motion and entered what appears on its face to be an agreed "Order on Summary Judgment." The record fails to show any objection to the summary judgment procedure or to the propriety of entering the summary judgment, either because there was an outstanding question of fact, or otherwise. The operative portion of the instrument reads as follows:

ORDERED, ADJUDGED AND DECREED That Judgment be and it is hereby entered for the plaintiff and against the defendant in the above entitled matter and plaintiff is hereby awarded his costs and reasonable attorney's fees in the amount of $1,250.00.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED That in the event defendant pays the total amount due and owing under the contract herein, including interest, costs and attorney's fees on or before April 1, 1970, that defendant shall be entitled to receive a transfer of the property at issue herein. In the event said sums are not so paid, all rights of the defendant in and to said property shall be forfeited and terminated.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED That any rental collected by defendant for said property from the date hereof until April 1, 1970, shall be held in trust by the attorney for the defendant and in the event of forfeiture, said rental shall become the property of the Plaintiffs. In the event defendant pays off said property, such rental shall be the property of the defendant.

The April 1, 1970 grace period expired without payment or tender by defendants of the amounts called for in the January 9, 1970 instrument. Shortly thereafter, present defendants' counsel on appeal was substituted for the then defendants' counsel. Plaintiffs then served defendants with copies of proposed findings, conclusions and judgment accompanied by notice of intention to present the same for entry on April 13, 1970. Defendants contend the period of notice is insufficient under CR 52(c). However, on April 13, 1970 the court entered the findings, conclusions and the judgment denominated as such. Its pertinent operative portions read:

IT IS ORDERED, ADJUDGED AND DECREED that the plaintiffs be and they are hereby awarded a Judgment adjudicating the cancellation and forfeiture of the contract dated August 23, 1966, and quieting title to the real estate in the plaintiffs, free from any claims of the defendant and they are awarded immediate possession of the following described premises:

. . .

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that plaintiffs be and they are hereby awarded a reasonable attorneys fee in the sum of $1,250.00, and the costs and expenses of bringing suit, plus the cost for title report in the sum of $52.20.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that plaintiffs be and they are hereby awarded the rentals which have been received by the attorney for the defendant in trust on this property, and the attorney for the defendant is hereby ordered to pay all of such rentals to plaintiffs.

On April 14, 1970, defendants appealed from the April 13, 1970 judgment. Plaintiffs move to dismiss the appeal on the ground that the April 13, 1970 judgment is not a final judgment within the meaning of CAROA 14(1).

CAROA 14(1) to (8) describes the judgments and orders appealable. Subdivision (1) provides:

From the final judgment entered in any action or proceeding. An appeal from any such final judgment shall also bring up for review any order made in the same action or proceeding either before or after the judgment. The record sent up on the appeal, or any supplementary record sent up before the hearing thereof, shall show such order sufficiently for the purposes of a review thereof; . . .

■■ The question whether a judgment is final for appeal purposes is not always clear. 3 Orland, Wash. Prac. 190 (2d ed. 1968); 6 Moore's Federal Practice ¶ 54.43[2] (2d ed. 1965). CAROA 2 defines judgment as "any judgment, order or decree from which an appeal lies." Some light is cast upon the meaning of the term judgment in CAROA 14(1) when considered in connection with RCW 4.56.010, which defines judgment as "the final determination of the rights

of the parties in the action." The term "judgment" is to be distinguished from "order." The latter term is not separately defined in the rules, but its meaning may be gathered from RCW 4.56.020, which provides "Every direction of a court or judge, made or entered in writing, not included in a judgment, is denominated an order." These statutory definitions of judgment and order basically express the decisional law in this and other states.

The term "final judgment" as used in CAROA 14(1) is distinguished from "order" as used in CAROA 14(2)-(6), (8), and from the term "final order made after judgment" as used in CAROA 14(7). Each subdivision of rule 14 describes a different category of judicial determination. Presumably no duplication or overlapping of coverage is intended.

■ It becomes necessary, therefore, to examine both the April 13, 1970 and January 9, 1970 order on summary judgment to determine which is the final judgment and which is the order or final order. In determining the nature of the court's determination, substance controls over form. *State ex rel. Lynch v. Pettijohn,* 34 Wn.2d 437, 209 P.2d 320 (1949). Hence, for this purpose the court looks not to the title of the instrument but to its content. Accordingly, the court may find that an instrument entitled as a judgment is in fact an order or final order; and an instrument entitled as an order may in fact be a final judgment. *See Werner v. Riemer,* 255 Wis. 386, 39 N.W.2d 457, 465 (1949); *State v. McNichols,* 62 Idaho 616, 115 P.2d 104, 107 (1941); *Sellers v. Union Lumbering Co.,* 36 Wis. 398 (1874); *Ex parte Ralph,* 27 Cal. 2d 866, 168 P.2d 1 (1946).

A determination purporting to be a judgment or decree, if subject to de novo review at a later hearing in the same cause, is not a final judgment because it does not constitute a "final determination of the rights of the parties in the action." RCW 4.56.010. Yet if the determination is otherwise a final judgment, it continues to occupy that status even if it directs performance of certain subsidiary acts in carrying out the judgment, the right to the benefit of which

is adjudicated in that judgment. Thus, a final decree of distribution in probate may direct the payment of particular claims or legacies, and may direct that receipts be filed in order to show compliance with the decree, yet the necessity of taking these subsidiary steps, even if they must be confirmed by order subsequent to the decree, does not make the final decree of distribution any less final for purposes of appeal. In 6 Moore's Federal Practice ¶ 54.43[2] (2d ed. 1965), the definition of a final decree is quoted from *Beebe v. Russell,* 60 U.S. (19 How.) 283, 285, 15 L. Ed. 668 (1857):

> A "decree may be final, although it directs a reference to a master, if all the consequential directions depending upon the result of the master's report are contained in the decree, so that no further decree of the court will be necessary, upon the confirmation of the report, *to give the parties the entire and full benefit of the previous decision of the court."* . . . Also a decree may be final although leave is given to apply for further relief, or the court reserves the right to make further orders.

*Beebe v. Russell* is not expressly referred to in the Washington cases, but its doctrine may fairly be said to express the rule of the Washington cases. *See In re Estate of Halle,* 29 Wn.2d 624, 188 P.2d 684 (1948); *Bishop v. Lynch,* 8 Wn.2d 278, 111 P.2d 996 (1941); *In re Horse Heaven Irr. Dist.,* 11 Wn.2d 218, 118 P.2d 972 (1941). In *Bishop v. Lynch, supra,* the court held that an order entered in partition proceedings was a final and appealable judgment notwithstanding the fact that referees appointed to partition the real and personal property described in the judgment had not yet made their report and until so made it could not be known just what the actual partition would produce.

■ In the instant case the January 9, 1970 instrument purported to finally determine the rights of the parties. It expressly adjudged and decreed:

> That Judgment be and it is hereby entered for the plaintiff and against the defendant . . . and plaintiff is hereby awarded his costs and reasonable attorney's fees in the amount of $1,250.00.

It further adjudged and decreed the disposition of rentals collected from the property from January 9, 1970 to April 1, 1970. In addition, it fixed a grace period expiring April 1, 1970 for paying the total amount due and owing, including interest, costs and attorney's fees, decreeing that if not paid "all rights of the defendant in and to said property shall be forfeited and terminated." No provision for de novo review of what was already adjudicated on January 9, 1970 was contemplated. As in the case of any other summary judgment, no findings or conclusions were entered because not required. *Felton v. Menan Starch Co.*, 66 Wn.2d 792, 405 P.2d 585 (1965).

The April 13, 1970 judgment entered after the grace period expired—a provision in the nature of a condition subsequent—was in conformity with the January 9 order on summary judgment but contained no provision concerning the grace period and the consequences of payment or nonpayment because no longer necessary. The only function really served by the April 13, 1970 judgment was an indirect affirmance or recognition that the grace period had expired so that it no longer was operative. The fact that the April 13, 1970 so-called judgment was accompanied by unnecessary findings and conclusions did not convert what in effect was merely a subsidiary order into an appealable final judgment. Such a subsidiary order, under the provisions of CAROA 14(1), would have been reviewable on appeal from the January 9, 1970 final judgment had an appeal been taken therefrom to obtain relief to the extent, if any, available notwithstanding that it was an agreed judgment.

Nor can it be said that any other subdivision of CAROA 14 permits appellate review of a determination reviewable under rule 14(1). Subdivision (6), for example, which under certain circumstances permits an appeal from any order affecting a substantial right in a civil action or proceeding, does not provide that such an appeal brings up for review a prior final judgment in the same cause, especially after the appeal time therefrom has expired. Subdivi-

sion (7), which permits an appeal from "any final order made after judgment, which affects a substantial right", and which provides that an appeal from such a final order "shall also bring up for review any previous order in the same action or proceeding which involves the merits and necessarily affects the order appealed from, . . ." does not apply because the January 9, 1970 order on summary judgment is a "final judgment," not a "previous order," especially after the appeal time as provided in CAROA 33 has expired. A contrary view would fail to give effect to each subdivision of rule 14 without unnecessary overlapping coverage (*see* analogous statutory rules of construction, *In re City of Kent*, 1 Wn. App. 737, 463 P.2d 661 (1969)); and would violate our duty to give effect to the purposes intended to be served by the appeal time period set forth in CAROA 33, namely, that litigation shall be concluded expeditiously.

■ What has been said does not mean that an order subsequent to judgment may not be appealable under CAROA 14(6) or (7). However, subdivision (6) applies inter alia with respect to "any order affecting a substantial right," and subdivision (7) requires that the final order be one which "affects a substantial right." It is not the purpose of these subdivisions to permit review of harmless error. Accordingly, in conformity with such purpose and to avoid unnecessary waste of resources of both the appellants and the court (*cf., Shoberg v. Kelly*, 1 Wn. App. 673, 463 P.2d 280 (1969)), the quoted words should be held to mean "prejudicially affecting" or "prejudicially affects." In the instant case, it clearly appears from the record before the court on this motion that the right claimed to have been violated by entry of the April 13, 1970 findings and conclusions was the right to receive 5 full days' notice of the entry of such findings and conclusions pursuant to CR 52(c), when in fact the defendants received only 3 full days' notice. The April 13, 1970 order affected defendants' rights under CR 52(c), but did not do so prejudicially. The defendants appeared by counsel when the findings and con-

clusions were entered (*Peterson v. David*, 69 Wn.2d 566, 568, 419 P.2d 138 (1966)), and the findings and conclusions were unnecessary.

The motion to dismiss the appeal is granted.

UTTER and WILLIAMS, JJ., concur.