[No. 33651-7-I.    Division One.    November 28, 1994.]

JOE M. WLASIUK, *Respondent*, v. WHIRLPOOL
CORPORATION, ET AL, *Appellants.*

*Stephen Michael Rummage* and *Davis Wright Tremaine (David J. Parsons* and *Harrold Allen & Dixon,* of counsel), for appellants.

*Marilyn Jean Endriss* and *Endriss & Shear, P.S.,* for respondent.

BECKER, J. — This case addresses the effect of a pending determination of attorney fees upon the finality of a judgment against Whirlpool Corporation. Whirlpool filed its appeal in this case 31 days after the court entered an order denying Whirlpool's motion for a new trial, but only 28 days after the court entered an "Amended Judgment" specifying the amount of attorney fees awarded to Wlasiuk, the Plaintiff below. Wlasiuk asks this court to dismiss Whirlpool's appeal on the merits as untimely filed.

Dismissal has predictably been the remedy when a notice of appeal is filed beyond the 30-day limit. We are persuaded that a pending determination as to an award of attorney fees does not postpone the finality of a judgment on the merits. We are further persuaded that Whirlpool missed the 30-day deadline for appealing the final judgment in this case. However, we are compelled to deny Wlasiuk's motion under precedent recently established by the State Supreme Court, *Franz v. Lance,* 119 Wn.2d 780, 836 P.2d 832 (1992).

## FACTS

On July 28, 1993, a jury awarded Joe M. Wlasiuk economic damages in the amount of $332,815 after finding that he had been wrongfully discharged under the employee handbook of the Whirlpool Corporation.

On July 30, 1993, the trial court entered a document denoted "Judgment". In accordance with RCW 4.64.030, the document identified the judgment creditor, the creditor's attorneys, and the amount of judgment. It provided that Wlasiuk "is awarded reasonable attorneys' fees and expenses in an amount to be determined later by the Court" and "is awarded statutory costs in an amount to be determined later by the Court." The court allowed Wlasiuk until August 30, 1993, to document the attorney fees to which he was entitled as prevailing party under RCW 49.48.030.

On August 9, 1993, Whirlpool moved for a judgment notwithstanding the verdict or in the alternative a new trial. The motion was timely under CR 59(b), which requires that such motions be served and filed "not later than 10 days after the entry of the judgment."

On August 30, Wlasiuk filed his motion for attorney fees.

On September 21, the court entered an order denying Whirlpool's judgment notwithstanding the verdict/new trial motion.

On September 24, the court entered a document denoted "Amended Judgment". This document, which Wlasiuk presented for entry, varied from the earlier "Judgment" only by specifying the exact amount of attorney fees ($129,033.75) and costs ($939.21).

On October 20, 1993, the trial court entered an Order Awarding Attorneys' Fees to Plaintiff. This Order included detailed findings on the issue of attorney fees as well as the amount of attorney fees and costs that had been specified in the Amended Judgment.

On October 22, 1993, Whirlpool filed its Notice of Appeal to this court. The Notice sought review of the Judgment, the Amended Judgment, the Order denying a new trial, and the Order awarding attorney fees.

Whirlpool believed that the 30-day appeal period began to run on September 24, 1993, when the court entered the Amended Judgment. Whirlpool contends that document was the final judgment on the merits.

Wlasiuk contends that the Judgment of July 30 became final and the 30-day appeal period began to run on September 21, the date of entry of the order denying the new trial motion. Wlasiuk moves to dismiss Whirlpool's appeal as untimely insofar as it pertains to the issues resolved in the July 30 Judgment. Wlasiuk does not contest the timeliness of Whirlpool's appeal with regard to the attorney fees and costs.

We review these issues:

1. Was it necessary that the court determine the amount of attorney fees to be awarded to Wlasiuk as the prevailing party before the Judgment became final?

2. Should the Amended Judgment be treated as entered pursuant to a timely motion to amend the judgment?

3. Did Whirlpool's timely appeal from the postjudgment order awarding attorney fees bring up the underlying judgment for review under RAP 2.4(b)?

We answer "No" to the first two questions and "Yes" to the third.

## DECISION ISSUE

ISSUE ONE. A judgment on the merits is final and appealable even though the amount of attorney fees to be awarded to a prevailing party remains unresolved.

Whirlpool contends that until the court specified the amount of attorney fees, the court had not determined all of the rights of the parties in the action and there was no final, appealable judgment.

It is clear that the resolution of a claim involving issues of liability and damages is not final and appealable until both issues have been resolved. *Bowing v. Board of Trustees of Green River Comm'ty College Dist. X*, 85 Wn.2d 300, 534 P.2d 1365 (1975).

The policy served by requiring finality before appeal is to conserve appellate energy and eliminate delays caused by interlocutory appeals. The rule also

emphasizes the deference that appellate courts owe to the trial judge as the individual initially called upon to decide the many

questions of law and fact that occur in the course of a trial. Permitting piecemeal appeals would undermine the independence of the district judge, as well as the special role that individual plays in our judicial system.

*Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374, 66 L. Ed. 2d 571, 101 S. Ct. 669 (1981); 9 James W. Moore et al., *Federal Practice* § 110.07, at 39 (2d ed. 1990).

Whirlpool, invoking the policy against piecemeal appeals, relies on *Bowing* to contend that under Washington law attorney fees awarded to a prevailing party are an element of damages and a judgment is not final until they are awarded.

In *Bowing*, the trial court entered a partial summary judgment for the plaintiff, leaving open the questions of damages and attorney fees. Four days later, the trial court entered a judgment setting forth the amount of damages and the attorney fees allowed. The defendant appealed within 30 days of the entry of this judgment but more than 30 days after the entry of the partial summary judgment. The Supreme Court denied a motion to dismiss the appeal:

> *The plaintiff's claim in this case was not fully adjudicated until the amount of damages had been determined, including the attorney fees, which the court awarded as an element of damages.* The plaintiff[] insists, however, that the defendant could have taken an appeal from the partial judgment and left the amount of damages and fees to be determined in a separate proceeding. Such a procedure would produce the very mischief which the rule was designed to prevent — the piecemeal trial and appeal of cases.

(Italics ours.) *Bowing*, at 302-03.

What *Bowing* holds is that a summary judgment that fails to award damages is partial, not final. The *Bowing* court had no reason to consider whether attorney fees are distinct from damages, as neither had been awarded in the partial "judgment".

Wlasiuk also relies on *Brown v. Suburban Obstetrics & Gynecology, P.S.*, 35 Wn. App. 880, 884, 670 P.2d 1077 (1983). In *Brown*, the court, framing the plaintiff's contention, said:

> Similarly, any award of attorney's fees sought under RCW 49.48.030 is not sought as part of the costs of this action;

*rather, Dr. Brown seeks attorney's fees as additional damages for defendant's failure to comply with RCW 49.48.010. In [Harold Meyer Drug v.] Hurd [23 Wn. App. 683, 598 P.2d 404 (1979)] we declined to read the word "costs" into RCW 4.84.290. Similarly, in the case at bench, we decline to read the word "costs" into RCW 49.48.030.*

(Footnote omitted. Italics ours.) *Brown*, at 884.

*Brown's* holding distinguishes an award of attorney fees, which is an appealable order, from an award of costs, which is an order that cannot be appealed. As in *Bowing*, the court was not called upon to consider whether an award of attorney fees is distinct from damages.

■ Neither *Bowing* nor *Brown* can be read as allowing a pending determination of attorney fees to postpone the finality of a judgment that fully adjudicates liability and fixes damages. The question as to the finality of the July 30 Judgment is controlled by *Nestegard v. Investment Exch. Corp.*, 5 Wn. App. 618, 489 P.2d 1142 (1971).

■ Two principles set forth in *Nestegard* bear upon the present case. First, when more than one document purports to be the final judgment, the court looks to the content of the instrument, not its title, and substance controls over form. *Nestegard*, at 623.

■ Second, a final judgment is recognizable as final for purposes of appeal if it finally determines the rights of the parties in the action and is not subject to de novo review at a later hearing in the same cause. This is true even if it directs performance of certain subsidiary acts in carrying out the judgment, the right to the benefit of which is adjudicated in that judgment, and even if it is followed by subsequent orders with regard to those subsidiary acts. *Nestegard*, at 623-24.

Under *Nestegard's* analysis, it is immaterial that Wlasiuk chose to call the September 24 an Amended Judgment instead of a judgment or order for attorney fees. The issues of liability and damages resolved by the trial of Wlasiuk's claim and reduced to judgment on July 30 were no longer subject to de novo review once the court denied the new trial/judgment notwithstanding the verdict motion on Sep-

tember 21. Whirlpool recognized as much when it filed its new trial motion. Whirlpool could not have filed a second new trial motion after entry of the Amended Judgment.

Wlasiuk was entitled to have the clock start running on September 21 toward finality of the July 30 Judgment, no matter how much time was later expended in litigating the award of attorney fees. The subsequent award of attorney fees and expenses was, under *Nestegard*, a subsidiary act.

Leaving the issue of attorney fees to be resolved after a final judgment does not violate the policy against piecemeal appeals. Since the merits of the claim have already been fully adjudicated and are not subject to de novo review, accepting review of a final judgment before the matter of attorney fees has been settled does not undermine the independence of the trial court. The eventual award of attorney fees will not affect review of the merits. Therefore, an appeal of a final judgment on the merits cannot be characterized as an interlocutory maneuver that occupies the time of the appellate court with matters that are still subject to change in the trial court. The only inefficiency is the possible necessity of filing more than one notice of appeal as well as a motion to consolidate, a minor burden which in any event has been alleviated by a recent rule change.[1]

Support for our conclusion is found in federal cases applying the counterpart of our CR 59. Since our cases have not confronted the precise issue of attorney fees presented here, we may look to federal decisions as an additional aid in reaching the appropriate construction of our procedural rules. *Peoples State Bank v. Hickey*, 55 Wn. App. 367, 371, 777 P.2d 1056, *review denied*, 113 Wn.2d 1029 (1989).

In *White v. New Hampshire Dep't of Empl. Sec.*, 455 U.S. 445, 71 L. Ed. 2d 325, 102 S. Ct. 1162 (1982), the Supreme Court held that a request for attorney fees under The Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. § 1988

---

[1]RAP 2.4(g) now provides:

"An appeal from a decision on the merits of a case brings up for review an award of attorney fees entered after the appellate court accepts review of the decision on the merits."

raises legal issues collateral to the main cause of action. A request for attorney fees is therefore not a motion to alter or amend the judgment, and is not governed by the requirement in Fed. R. Civ. P. 59(e) that such a motion be filed within 10 days of the judgment. *White*, at 451.

> Section 1988 provides for awards of attorney's fees only to a "prevailing party." Regardless of when attorney's fees are requested, the court's decision of entitlement to fees will therefore require an inquiry separate from the decision on the merits — an inquiry that cannot even commence until one party has "prevailed." Nor can attorney's fees fairly be characterized as an element of "relief" indistinguishable from other elements. Unlike other judicial relief, the attorney's fees allowed under § 1988 are not compensation for the injury giving rise to an action. Their award is uniquely separable from the cause of action to be proved at trial.

*White*, at 451-52.

Accordingly, a judgment on the merits is final in federal courts, notwithstanding a subsequent award of attorney fees. *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 200, 100 L. Ed. 2d 178, 108 S. Ct. 1717 (1988). In *Budinich*, the Federal District Court entered judgment on a verdict for the plaintiff in an employment case. The plaintiff was entitled to attorney fees. On May 14 the court denied the plaintiff's motion for a new trial. The court determined the amount of attorney fees by order entered on August 1. On August 29 the plaintiff appealed the order denying the motion for a new trial. The court granted a motion by the defendant (similar to the Respondent's motion here) to dismiss the appeal as untimely with respect to all issues except the amount of attorney fees.

The Supreme Court affirmed the order of dismissal, applying its own rule making final decisions appealable, 28 U.S.C. § 1291 (1982). The court pointed out that it would be anomalous to classify an award of attorney fees as a remedy for the injury giving rise to the action, when it is often available to the party defending the action. "Courts and litigants are best served by the bright-line rule, which accords with traditional understanding, that a decision on the merits is a 'final decision' for purposes of § 1291". *Budinich*, at 202. *See also*

*International Ass'n of Bridge, Structural, Ornamental & Reinforcing Ironworkers' Local Union 75 v. Madison Indus., Inc.*, 733 F.2d 656 (9th Cir. 1984).

Following *Nestegard* and adopting as persuasive the reasoning in *White, Budinich* and *International Ass'n*, we hold that the Judgment entered on July 30, which became appealable upon entry of the order denying a new trial, was not a partial judgment but a final judgment on the merits of Wlasiuk's claim.

Issue Two. The "Amended Final Judgment" of September 24 was not an order amending the judgment pursuant to a timely motion under CR 59.

An order disposing of a CR 59 motion for amendment of judgment has the same effect under RAP 5.2(e) and 2.4(c) as an order disposing of a new trial motion. Appeal of the order brings the underlying judgment up with it for review. Thus, the effect of filing such a motion is to postpone the running of the 30-day appeal period for review of the judgment on the merits until the motion is resolved by an order.

Whirlpool, analogizing to *Structurals Northwest, Ltd. v. Fifth & Park Place, Inc.*, 33 Wn. App. 710, 658 P.2d 679 (1983), contends that the Amended Final Judgment of September 24 should be deemed as having been entered pursuant to a motion to amend the Judgment of July 30.

In *Structurals Northwest*, both parties stipulated to entry of an amended judgment because interlineations by counsel had created confusion over the terms of the original judgment. The amended judgment in *Structurals Northwest* was entered within 5 days of the original judgment. This being the same amount of time required for a posttrial motion to amend under former CR 59(h), the court found that for practical purposes the stipulation had the same result as if a motion to amend had been made and granted. In the present case, because the Amended Judgment was not entered until almost 2 months after the Judgment of July 30, it could not have been the result of an order granting a timely motion to amend.

Whirlpool makes a strained argument that by permitting Wlasiuk until August 30 to file a documented request for attorney fees, the trial court took action equivalent to an enlargement of time under CR 6(b), permitting Wlasiuk to file pursuant to CR 59(e) an untimely motion to amend the original judgment (by specifying the amount of attorney fees). Unlike the situation in *Structurals Northwest*, here there was no need for an amended judgment. The September 24 "Amended Judgment" differed from the July 30 judgment only by specifying the amount of attorney fees awarded. This, as we have already determined, is a subsidiary issue under the *Nestegard* analysis. Accordingly, we hold the "Amended Judgment" of September 24 was not, even constructively, the result of a CR 59 motion to amend the judgment.

ISSUE THREE. Under *Franz v. Lance*, 119 Wn.2d 780, 836 P.2d 832 (1992), an appeal filed on October 22 brought the July 30 judgment up for review pursuant to RAP 2.4(b).

RAP 2.4(b) provides as follows:

> The appellate court will review a trial court order or ruling not designated in the notice, including an appealable order, if (1) the order or ruling prejudicially affects the decision designated in the notice, and (2) the order is entered, or the ruling is made, before the appellate court accepts review.

The trial court's "Amended Judgment" of September 24 and its Order of October 20, both of which awarded attorney fees to Wlasiuk, were prejudicially affected by the Judgment of July 30, in the sense that Wlasiuk was entitled to an award of attorney fees only as a result of the underlying judgment on the merits.

RAP 2.4(b) was intended to eliminate the "trap for the unwary . . . in that a failure to appeal an appealable order could prevent its review upon appeal from a final judgment." *Adkins v. Aluminum Co.*, 110 Wn.2d 128, 134, 750 P.2d 1257, 756 P.2d 142 (1988). Thus, an appeal from the final judgment brings up for review most orders and rulings made pretrial and during trial. 2 Lewis H. Orland, Wash. Prac., *Rules Practice* RAP 2.4 commentary, at 114 (Supp. 1994).

Quite possibly some subsequent order will render an adverse decision moot, or the party will ultimately prevail on remaining issues or recover against other parties. It therefore makes no sense to mandate an immediate appeal from a partial final judgment entered under CR 54(b), even though the judgment might qualify as appealable under RAP 2.2(d). Such a requirement would simply encourage multiple and perhaps unnecessary appeals in multiparty and multiclaim cases.

*Fox v. Sunmaster Prods., Inc.*, 115 Wn.2d 498, 505, 798 P.2d 808 (1990).

Until *Franz*, it was settled that an appeal from a postjudgment order could not bring up for review the judgment previously entered in the same action, especially after the appeal time for the prior final judgment had expired. *Nestegard*, at 625; *Griffin v. Draper*, 32 Wn. App. 611, 616, 649 P.2d 123, *review denied*, 98 Wn.2d 1004 (1982). *See* 2A Lewis H. Orland, Wash. Prac., *Rules Practice* § 3062, at 436 (1978).

■ Without explicitly overruling existing precedent, the court in *Franz* interpreted RAP 2.4(b) as allowing appeal of a postjudgment order to bring the final judgment itself up for review even though the postjudgment order is not an order denying a new trial or some other type of order specifically listed in RAP 2.4(c).

In *Franz*, the trial court entered a judgment holding the Lances liable for trespass. Months later, the court entered an order imposing sanctions against them. The Lances appealed from the underlying judgment at the same time they appealed from the order of sanctions. The Court of Appeals dismissed the appeal from the underlying judgment as untimely. The Supreme Court, reversing the Court of Appeals, permitted the appeal from the underlying judgment to go forward. "A party need not file a notice of appeal within 30 days of every appealable order *or judgment* but may instead await the final decision in the case." (Italics ours.) *Franz*, at 781. Although *Franz* cited *Fox*, at 505, as authority for this holding, the court in *Fox* only permitted review of an *order* of partial summary judgment pursuant to review of the final judgment. The ruling in *Fox* conforms not

only to established law as reflected in *Nestegard* and *Griffin*, but also to the literal terms of RAP 2.4(b). In *Franz*, the court extended RAP 2.4(b) beyond its literal terms by construing "order or ruling" to include a final judgment.

We are unable to reconcile the decision in *Franz* with traditional notions of finality. *See* 2 Lewis H. Orland, Wash. Prac., *Rules Practice* RAP 2.4 commentary, at 114 (Supp. 1994). We are concerned that the *Franz* rule will encourage protracted litigation in the trial courts and delay the expeditious collection and enforcement of judgments. We are confident the Supreme Court will address these concerns in due course. But since the case before us cannot be distinguished from *Franz*, we must allow Whirlpool to proceed with its appeal of the merits.

Whirlpool alternatively argues for a 1-day extension. The time within which a party must file a notice of appeal may be extended "only in extraordinary circumstances and to prevent a gross miscarriage of justice". RAP 18.8(b). Because *Franz* permits Whirlpool's appeal on the issue of attorney fees to bring the entire case up for review, we need not address whether Whirlpool has met this test.

Wlasiuk's motion to dismiss is denied.[2]

COLEMAN and WEBSTER, JJ., concur.

---

[2]The motion to dismiss was originally denied by a commissioner of this court. Wlasiuk filed a motion to modify the commissioner's ruling. The court now denies the Motion To Modify. Wlasiuk's request for attorney fees for preparation and argument of his motion to dismiss is denied as he is not the prevailing party.