2016 JAN 25  AM 9:26

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| In the Matter of the Dependency of | ) | No. 74168-3-I |
| | ) | |
| M.M., B.B., W.M., and B.H., | ) | DIVISION ONE |
| | ) | |
| Minor Children. | ) | UNPUBLISHED OPINION |
| | ) | |
| | ) | FILED: January 25, 2016 |

BECKER, J. — Tamara Milligan served as appointed counsel in a number of Grays Harbor Superior Court dependency cases. She appeals June 2014 superior court orders that rendered "null and void" the court's 2011 orders granting her attorney fee requests related to four dependencies. Grays Harbor County intervenes as respondent. The 2014 orders invited Milligan to resubmit her fee requests with adequate supporting documentation of her hours, but Milligan did not do so. She contends that the court's 2014 orders violated her constitutional right to due process and exceeded the court's jurisdiction. Because none of the court's orders was a final judgment or other decision determining or discontinuing the action, RAP 2.2 bars her appeal. We dismiss.

BACKGROUND

In September 2011, attorney Tamara Milligan submitted proposed orders for attorney fees in four Grays Harbor County Superior Court dependency cases

for which she served as assigned counsel. Milligan also used the name Tamara Milligan Darst. The proposed orders covered periods between 13 and 15 months and requested total fees and costs of $24,996. Judge Gordon Godfrey signed each of the ex parte orders without reviewing any supporting documentation. The court customarily relied on the court administrator to review files and confirm that fee requests were timely and supported by sufficiently detailed records before preparing payment vouchers.

After the court administrator told Judge Godfrey that Milligan's fee requests were untimely, inadequately supported, and excessive, Judge Godfrey and the administrator met with Milligan. Judge Godfrey told Milligan that the monthly or quarterly summaries she submitted in support of her fee request were inadequate. He instructed her to file affidavits that included "detailed, daily time entries identifying the work performed." The judge informed Milligan that the court would hold the four signed orders pending review of her affidavits. Milligan did not submit any further documentation, and the court did not process the orders for payment. In December 2011, Milligan closed her law practice.

On June 16, 2014, Judge David Edwards entered orders in each of the four dependencies, voiding Judge Godfrey's 2011 orders: "The Order entered on September 12, 2011 ordering attorney fees is null and void. If Ms. Milligan-Darst wishes for the court to entertain a request for attorney fees she can properly note it on the motion docket with supporting documentation of her hours." While it is not clear from the record what prompted Judge Edwards to issue these orders,

Milligan states that on June 2, 2014, she renewed her fee request by refiling certified copies of Judge Godfrey's 2011 orders.

On July 15, 2014, Milligan appealed Judge Edwards' orders. In her notices of appeal, she did not initially name or serve a respondent. In later correspondence, she named as opposing counsel the Grays Harbor County deputy prosecuting attorney retained by the Department of Social and Health Services in the underlying dependency actions.

On August 4, 2014, Judge Godfrey entered orders voiding his 2011 orders, in terms nearly identical to Judge Edwards' June orders:

> The order on the above cause number entered on September 12, 2011 ordering attorney fees is null and void. As directed in 2011, if Ms. Milligan-Darst wishes for the court to entertain a request for attorney fees she can properly note it on the motion docket with supporting documentation of her hours.

Milligan moved to vacate Judge Godfrey's August 4 orders under CR 60. On October 1, 2014, Judge Edwards denied the motion. Grays Harbor County filed a motion to intervene in Milligan's appeal, arguing that the County "has a very real interest in the outcome of the appeal" because the County's funds, and its process for requiring documentation of services prior to distributing attorney fees, "are directly at issue in the appeal." This court granted the motion.

After this court called for a brief of respondent, the prosecutor informed the court that in view of the fact that the Department took no position in the attorney fee controversy and the County had already intervened in the case, the Department would not file a brief in the matter.

3

ANALYSIS

Milligan contends that Judge Edwards' June 2014 orders voiding Judge Godfrey's orders on attorney fees violated her constitutional right to due process. She asserts that she "was not informed of the court's action and was given no opportunity to contest entry of the orders." The County argues that because Judge Edwards' orders were not final judgments, they are not appealable orders under RAP 2.2.

RAP 2.2 governs which decisions of the superior court a party may appeal. Milligan argues that she may appeal Judge Edwards' orders under three provisions of RAP 2.2(a):

> (1) *Final Judgment.* The final judgment entered in any action or proceeding, regardless of whether the judgment reserves for future determination an award of attorney fees or costs.
> . . . .
> (3) *Decision Determining Action.* Any written decision affecting a substantial right in a civil case that in effect determines the action and prevents a final judgment or discontinues the action.
> . . . .
> (10) *Order on Motion for Vacation of Judgment.* An order granting or denying a motion to vacate a judgment.

Our Supreme Court has defined a final judgment as "'such a judgment as at once puts an end to the action by declaring that the plaintiff has or has not entitled himself to recover the remedy for which he sues.'" Reif v. LaFollette, 19 Wn.2d 366, 370, 142 P.2d 1015 (1943), quoting 1 HENRY CAMPBELL BLACK, A TREATISE ON THE LAW OF JUDGMENTS § 21, at 31 (2d ed. 1902).

A judgment is final for purposes of appeal if "it finally determines the rights of the parties in the action and is not subject to de novo review at a later hearing in the same cause." Wlasiuk v. Whirlpool Corp., 76 Wn. App. 250, 255, 884 P.2d

4

13 (1994), citing Nestegard v. Inv. Exch. Corp., 5 Wn. App. 618, 623-24, 489 P.2d 1142 (1971). Here, as Judge Edwards made clear, the orders voiding Judge Godfrey's orders on attorney fees did not finally determine the parties' rights or end the overall action. The opportunity to resubmit her fee request with adequate documentation reiterated Judge Godfrey's own oral instructions to Milligan at their September 2011 meeting—instructions that Milligan-Darst does not dispute she received but failed to follow.

The orders here are akin to a dismissal of an action without prejudice. Under RAP 2.2(a)(3), an appellant may not appeal a dismissal without prejudice unless its effect is to determine the action and prevent a final judgment or to discontinue the action. In re Dependency of A.G., 127 Wn. App. 801, 807, 112 P.3d 588 (2005) (citing Munden v. Hazelrigg, 105 Wn.2d 39, 44, 711 P.2d 295 (1985)), review denied, 156 Wn.2d 1013 (2006). By the terms of the orders here, there is no bar to a subsequent fee request by Milligan. Rather than determine or discontinue the action or prevent a final judgment, these interlocutory orders anticipate further action by Milligan, based on local rules and the court's instructions.

As Milligan herself points out in her supplemental brief, "it is the practical effect of an order which determines its appealability." A.G., 127 Wn. App. at 808. Had Milligan presented her proposed orders, then sued the County for denying payment, she would have a final judgment from which to appeal. As it stands, however, the practical effect of the 2014 orders was to defer resolution of the attorney fee issue and give Milligan another opportunity to adequately support

5

her fee request. Therefore, Judge Edwards' orders are not final judgments or decisions determining the action and are not appealable under RAP 2.2(a)(1) or (3). For the same reason, Judge Edwards' denial of Milligan's CR 60 motion to vacate is not appealable under RAP 2.2(a)(10) because Judge Godfrey's August 2014 orders likewise invite Milligan to resubmit her fee requests with sufficient supporting documentation.

Requiring finality before appeal conserves appellate energy and eliminates delays caused by interlocutory appeals. This rule also

> "emphasizes the deference that appellate courts owe to the trial judge as the individual initially called upon to decide the many questions of law and fact that occur in the course of a trial. Permitting piecemeal appeals would undermine the independence of the district judge, as well as the special role that individual plays in our judicial system."

Wlasiuk, 76 Wn. App. at 253-54, quoting Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 374, 101 S. Ct. 669, 66 L. Ed. 2d 571 (1981).

The superior court has not yet had the opportunity to decide the questions of law and fact that would arise from a lawsuit brought by Milligan against the County. Therefore, Milligan does not yet have an appealable final judgment or other determinative order under RAP 2.2.

Milligan asks this court for attorney fees and costs on appeal under RAP 18.1, citing financial need and "legitimate and compelling issues" raised in her appeal that merit a fee award. Because she provides no meaningful argument or citation to authority showing her entitlement to attorney fees, she fails to comply with the requirements of RAP 18.1, and we decline her request.

6

Appeal dismissed.

WE CONCUR:

Becker, J.

Trickey, J

Jau, J