## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Parenting and Support of | No. 74894-7-I |
| BAINYA SHAY, Child, | DIVISION ONE |
| THOMAS O. BAICY, | |
| Appellant, | UNPUBLISHED OPINION |
| and | |
| DANELLE M. SHAY, | |
| Respondent. | FILED: November 7, 2016 |

LEACH, J. — Thomas Baicy appealed the trial court's denial of his request "to re-note" a motion for adjustment of child support. Baicy's arguments on appeal, however, challenge only the trial court's earlier order denying a motion for adjustment of child support. Because the earlier order was a final judgment, Baicy's failure to appeal it precludes review. Nor has Baicy made any showing that the trial court erred in denying his request "to re-note" a motion to adjust child support. We therefore affirm.

## FACTS

Baicy and Danelle Shay are the parents of a daughter born in 2005. Following a series of contentious parenting plan proceedings, the trial court found

Baicy in contempt and prohibited him from filing future motions or petitions without prior court authorization.

On November 30, 2015, the trial court entered an amended order permitting Baicy to file a motion to adjust child support based on allegations that the parties' incomes had changed and that more than 24 months had passed since entry of the child support order.

After a contested hearing on December 15, 2015, the trial court denied the motion, concluding that Baicy had failed to demonstrate a change in the parties' income warranting a child support adjustment. In an extensive oral decision, the court found, among other things, that the evidence failed to support Baicy's claim that the residential transportation schedule prevented him from seeking or obtaining employment or to rebut Shay's declaration setting forth her income.

At the conclusion of the hearing, the court entered a written order denying Baicy's motion and the parties' requests for attorney fees and sanctions. The order expressly incorporated "the findings this Court made on the record." Baicy did not appeal from the December 15 order.

By letter dated January 29, 2016, Baicy informed the trial court that he was "now prepared with copies of my renters' contracts," evidence he had failed to submit for the December 15 hearing. Baicy also attached a copy of a January 8, 2016, order "evidencing that I am current on my present obligation of child

support." Based on the new materials, Baicy asked the court to "[p]lease let me know when my hearing can be noted."

On February 3, 2016, the trial court entered an order denying "Petitioner's Request to Renote Motion to Adjust Support." After reviewing the findings it entered in conjunction with the December 15 order, the court concluded that Baicy had failed to demonstrate "a substantial change in circumstances" that would permit a new support adjustment hearing.

On March 2, 2016, Baicy filed a notice of appeal designating only the February 3 order.

## TIMELINESS OF APPEAL

On appeal, Baicy contends the trial court erred in denying his motion for a support adjustment hearing based on his failure to demonstrate a "substantial change in circumstances." He correctly states that a party may petition for an adjustment of child support once every 24 months "without a showing of substantially changed circumstances" based on "[c]hanges in the income of the parents."[1]

But Baicy has not presented any meaningful legal arguments challenging the February 3 order designated in his notice of appeal. Rather, his arguments are directed to the trial court's December 15, 2015, denial of his petition for a

_____

[1] RCW 26.09.170(7)(a)(i).

child support adjustment. Among other things, Baicy contends that the trial court erroneously allocated the burden of proof and that the evidence failed to support the trial court's findings on the parties' current income. Because Baicy did not seek review of the December 15 order, his arguments are not properly before us for review.

Generally, a party must file a notice of appeal within 30 days of the entry of a "final judgment."[2] A final judgment is "[a] court's last action that settles the rights of the parties and disposes of all issues in controversy, except for the award of costs (and, sometimes, attorney's fees) and enforcement of the judgment."[3] A judgment is final "even if it directs performance of certain subsidiary acts in carrying out the judgment, the right to the benefit of which is adjudicated in that judgment."[4] Substance controls over form in the determination of a final judgment.[5]

Baicy filed his motion for a child support adjustment on November 19, 2015. After a fully contested hearing on December 15, the trial court entered a written order that denied Baicy's motion and fully resolved all issues in

_____

[2] RAP 2.2(a)(1), 5.2(a).
[3] State v. Taylor, 150 Wn.2d 599, 602, 80 P.3d 605 (2003) (quoting BLACK'S LAW DICTIONARY 847 (7th ed. 1999)).
[4] Wlasiuk v. Whirlpool Corp., 76 Wn. App. 250, 255, 884 P.2d 13 (1994); see also Nestegard v. Inv. Exch. Corp., 5 Wn. App. 618, 623-24, 489 P.2d 1142 (1971).
[5] Nestegard, 5 Wn. App. at 623.

controversy, including the parties' request for attorney fees and sanctions. Because the court's order was a final judgment, Baicy's failure to file a timely notice of appeal precludes review.[6]

Baicy contends that the December 15 order was not final because the trial court failed to comply with RCW 26.19.035(2), which requires that a child support order "be supported by written findings of fact upon which the support determination is based." He claims that because the trial court did not reduce its oral findings to written findings until it entered the February 3 order, the 30-day period for filing a notice of appeal did not start until February 3. Baicy provides no authority to support this argument.

Contrary to Baicy's claim, the trial court's February 3 order did not constitute the formal entry of findings of fact and conclusions of law to support the December 15 judgment. Rather, the trial court merely referred to some of the findings that it made when it denied Baicy's motion in the earlier decision.

More importantly, the trial court's December 15 order expressly incorporated by reference the extensive oral findings of fact that the court made

---

[6] RAP 5.2(a); see also Kemmer v. Keiski, 116 Wn. App. 924, 937, 68 P.3d 1138 (2003) (failure to appeal judgment that leaves nothing unresolved precludes further review).

on the record. Baicy cites no authority suggesting that the trial court was required to enter an additional set of findings to comply with RCW 26.19.035(2).[7]

Baicy asserts that his January 29, 2016, letter to the court was not an attempt "to file a new motion for adjustment." He claims that he was only trying, in good faith, to comply with the trial court's "instruction" to provide additional evidence "so that the motion for adjustment that was already filed could be heard in its entirety."

By its terms, however, the December 15 order unambiguously resolved all of the pending issues. Nothing in the record provides any support for Baicy's subjective belief to the contrary. Although we are mindful that Baicy is acting pro se, we hold self-represented litigants to the same standard as an attorney.[8] An appellate court will decline to consider issues unsupported by cogent legal argument and citation to relevant authority.[9]

Shay requests an award of attorney fees for a frivolous appeal.[10] An appeal is frivolous "if the appellate court is convinced that the appeal presents no debatable issues upon which reasonable minds could differ and is so lacking in

---

[7] Cf. State v. Kilburn, 151 Wn.2d 36, 39 n.1, 84 P.3d 1215 (2004) (oral decision has final or binding effect when formally incorporated into findings of fact, conclusions of law, and judgment).

[8] In re Marriage of Olson, 69 Wn. App. 621, 626, 850 P.2d 527 (1993).

[9] See Saunders v. Lloyd's of London, 113 Wn.2d 330, 345, 779 P.2d 249 (1989).

[10] See RAP 18.9(a).

merit that there is no possibility of reversal."[11] We consider the record as a whole and resolve all doubts against finding an appeal frivolous.[12] Applying this standard, we decline Shay's request for attorney fees.

Affirmed.

_Leach, J._

WE CONCUR:

_Trickey, ACJ_          _Appelwick, J_

---

[11] In re Marriage of Foley, 84 Wn. App. 839, 847, 930 P.2d 929 (1997).
[12] Delany v. Canning, 84 Wn. App. 498, 510, 929 P.2d 475 (1997).