IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| U.S. BANK TRUST NATIONAL ASSOCIATION, not in its individual capacity but solely as owner trustee for RCF 2 ACQUISITION TRUST, | No. 86136-1-I (consolidated with No. 86936-1-I) |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| MELISSA ANN HUELSMAN, | |
| Appellant. | |

BOWMAN, A.C.J. — U.S. Bank Trust National Association, in its capacity as owner trustee for RCF 2 Acquisition Trust (Trustee), obtained a default judgment in this judicial foreclosure action and sold the property securing Melissa Huelsman's obligations under the underlying promissory note. Huelsman appeals the order confirming the sale. She also challenges the default judgment and the amount of fees awarded to the Trustee. Huelsman did not timely appeal the default judgment, so we grant the Trustee's motion to dismiss Huelsman's appeal of that judgment. And because the trial court's findings are insufficient to support the amount of fees it awarded to the Trustee, we reverse the fee award, including the postjudgment fees awarded in the order confirming the sale, and remand for more meaningful consideration of what constitutes a reasonable fee. Otherwise, we affirm.

FACTS

On January 9, 2023, the Trustee filed a complaint to judicially foreclose a deed of trust encumbering a Seattle property owned by Huelsman.  After Huelsman did not timely answer the complaint, the Trustee moved for an order of default.  The trial court declared Huelsman in default on April 14, 2023.

On June 27, 2023, the Trustee moved for entry of a default judgment.  On July 11, Huelsman answered the Trustee's complaint and opposed its motion for default judgment.  The trial court denied the Trustee's motion, indicating it had considered Huelsman's answer.

The Trustee moved for reconsideration and to strike Huelsman's untimely answer.  On September 18, 2023, the trial court granted reconsideration over Huelsman's opposition, vacated its earlier order denying the Trustee's motion for default judgment, and granted the default judgment motion.  The order granting default judgment states, "The Judgment will be entered after this Court's evaluation of [Trustee]'s motion for attorneys' fees and costs and any response filed in response thereto."

On October 2, 2023, the Trustee moved for an award of attorney fees.  Huelsman filed a response and supporting declaration, and the Trustee replied.  On October 24, the trial court granted the Trustee's fee motion in full.  In its order, the court wrote, "Contrary to court rules, and not containing the requisite word count, [Huelsman] did not file a Response but rather a lengthy Declaration."  That same day, the trial court separately entered a default judgment against

2

Huelsman for $426,228.32.  The default judgment foreclosed the deed of trust and authorized the Trustee to sell the encumbered property.

Huelsman moved for reconsideration of the order granting the Trustee's fee motion, arguing the trial court "erroneous[ly] assert[ed] that [Huelsman] did not file a Response to the Motion for Attorneys' Fees and only filed a Declaration."  On November 21, 2023, the court denied reconsideration, explaining:

> The Court did not base its award of fees and costs on any irregularities with the pleadings filed by [Huelsman].  Rather, the award was based entirely on the record before the court and a careful review of the Motion for Fees and Costs and supporting Declaration of counsel for the [Trustee].

On December 21, 2023, Huelsman appealed, designating (1) the November 21 order denying Huelsman's motion for reconsideration of the trial court's order granting the Trustee's fee motion, (2) the October 24[1] order granting the Trustee's fee motion, and (3) the September 18 order granting the Trustee's motion for default judgment.  Huelsman did not designate the separate October 24 default judgment for appeal.

On April 11, 2024, the superior court clerk notified the parties that a "Sheriff's Return on Sale of Real Property" had been filed with the court and that "the judgment creditor or successful purchaser at the Sheriff's Sale is entitled to have an Order Confirming Sale unless the judgment debtor . . . files objections to the sale . . . within twenty (20) days from the mailing of this notice."  Huelsman objected to the entry of an order confirming the sale, and the Trustee later moved

---

[1] The notice of appeal mistakenly states that the court entered this order on October 10, 2023.

to confirm the sale. On June 18, following additional briefing, the trial court entered an order confirming the sheriff's sale. Huelsman timely appealed that order, and we consolidated that appeal with Huelsman's already pending appeal of the trial court's earlier orders.

ANALYSIS

1. Motion to Dismiss

The Trustee moves to partially dismiss Huelsman's appeal. It argues that because Huelsman did not timely appeal the default judgment, we must dismiss her appeal as far as it challenges that judgment. We agree.

To initiate review, the party seeking review must file a notice of appeal "within the time provided by [RAP] 5.2." RAP 5.1(a). Under RAP 5.2, an appellant must file their notice of appeal in the trial court within the longer of (1) "30 days after the entry of the decision of the trial court that the party filing the notice wants reviewed," or (2) 30 days after the entry of an order deciding a timely motion for reconsideration of that decision. RAP 5.2(a), (e); *see also Stedman v. Cooper*, 172 Wn. App. 9, 14, 292 P.3d 764 (2012) ("[A] timely motion for reconsideration in the trial court will extend [the time to file a notice of appeal] until 30 days after entry of the order deciding that motion.").

Here, the trial court entered the default judgment on October 24, 2023, the same day it granted the Trustee's fee motion. Although Huelsman sought reconsideration of the latter order, she did not seek reconsideration of the default judgment. So, she had until November 23, 2023 to file a notice of appeal challenging that order. But Huelsman did not file her first notice of appeal until

4

December 21, 2023, and her notice did not designate the default judgment. *See* RAP 5.3(a)(3) (notice of appeal must "designate the decision or part of decision which the party wants reviewed"). And although Huelsman timely appealed the trial court's order granting the Trustee's fee motion after the court denied reconsideration of that order, that appeal did not extend review to the earlier default judgment. *See* RAP 2.4(b) ("A timely notice of appeal of a trial court decision relating to attorney fees and costs does not bring up for review a decision previously entered in the action that is otherwise appealable . . . unless a timely notice of appeal has been filed to seek review of the previous decision.").

Still, Huelsman contends that review of the default judgment is proper because the default judgment was not final until the trial court entered the order confirming the sheriff's sale. In support, she asserts that "[a] judicial foreclosure necessarily involves multiple steps after the foreclosure judgment is entered," and that the "proceedings remain open and unresolved even after an initial judgment is entered." But a judgment is final if it "finally determines the rights of the parties in the action[,] . . . even if it directs performance of certain subsidiary acts in carrying out the judgment, the right to the benefit of which is adjudicated in that judgment." *Wlasiuk v. Whirlpool Corp.*, 76 Wn. App. 250, 255, 884 P.2d 13 (1994). Here, the default judgment did just that. It awarded judgment in the Trustee's favor on the underlying promissory note, declared the deed of trust a valid lien on Huelsman's property and foreclosed it, and authorized the Trustee to sell Huelsman's property.

Huelsman also argues that because the order confirming the sheriff's sale is appealable under RAP 2.2(a)(13) as a "final order made after judgment that affects a substantial right," her timely appeal of that order brought the default judgment—and the trial court's prior order granting the Trustee's motion for default judgment—up for review under RAP 2.4(b). Huelsman is incorrect.

RAP 2.4(b) provides:

> The appellate court will review a trial court order or ruling not designated in the notice [of appeal], including an appealable order, if (1) the order or ruling prejudicially affects the decision designated in the notice, and (2) the order is entered, or the ruling is made, before the appellate court accepts review.

A previous order prejudicially affects the order designated in the notice of appeal "if the order appealed cannot be decided without considering the merits of the previous order." *Right-Price Recreation, LLC v. Connells Prairie Cmty. Council*, 105 Wn. App. 813, 819, 21 P.3d 1157 (2001).

> This requires some connection between the two [orders] other than that the appealed order would not have occurred if the earlier order had been decided differently. *The issues in the two orders must be so entwined that to resolve the order appealed, the court must consider the order not appealed.*

*Id.*[2]

Here, the issue before the trial court when it granted default judgment was whether the Trustee had satisfied the requirements of CR 55(b)(1), i.e., that the court had entered Huelsman's default and that the Trustee's claim against her was for a sum certain. Meanwhile, the issue before the court when it confirmed the sheriff's sale was whether "there were substantial irregularities in the

---

[2] Emphasis added.

proceedings concerning the sale, to [Huelsman's] probable loss or injury."  RCW

6.21.110(3).  These issues are entirely distinct, so Huelsman's timely appeal of

the order confirming the sheriff's sale did not bring up for review the trial court's

decision to grant the Trustee's motion for default judgment.

We grant the Trustee's motion to dismiss Huelsman's appeal of the default

judgment.  *Cf. Buckner, Inc. v. Berkey Irrig. Supply*, 89 Wn. App. 906, 911, 951

P.2d 338 (1998) ("A necessary prerequisite to appellate jurisdiction is the timely

filing of the notice of appeal.").

2.  Attorney Fee Award

Huelsman next argues that we must reverse the trial court's order granting

the Trustee $49,589.48 in attorney fees because the court's findings are

insufficient to support the amount of the award.  We agree.

We review an award of attorney fees for an abuse of discretion.  *Estrada*

*v. McNulty*, 98 Wn. App. 717, 723, 988 P.2d 492 (1999).  "A trial court abuses its

discretion when its decision is based on untenable grounds or is made for

untenable reasons."  *Shandola v. Henry*, 198 Wn. App. 889, 896, 396 P.3d 395

(2017).

The burden of showing a fee is reasonable rests with the fee applicant.

*Berryman v. Metcalf*, 177 Wn. App. 644, 657, 312 P.3d 745 (2013).  Generally,

Washington courts apply the lodestar method to calculate attorney fees.  *Mahler*

*v. Szucs*, 135 Wn.2d 398, 433, 957 P.2d 632 (1998).  To arrive at a lodestar

award, the court first considers the number of hours reasonably expended on the

case.  *McGreevy v. Or. Mut. Ins. Co.*, 90 Wn. App. 283, 291, 951 P.2d 798

(1998).  To this end, the attorney must provide reasonable documentation of the work performed, including the number of hours worked, the type of work performed, and the attorney who performed the work.  *Id.* at 292.  The court should discount hours spent on unsuccessful claims, duplicated effort, or otherwise unproductive time.  *Id.*

Next, the court determines whether the hourly fee charged was reasonable.  *McGreevy*, 90 Wn. App. at 291.  When attorneys have an established rate for billing clients, that rate is likely a reasonable rate.  *Id.* at 293.  The usual rate is not, however, conclusively a reasonable fee.  *Id.*  The court may also consider the attorney's level of skill, reputation, local rates charged by other attorneys with similar skill and experience, or other factors relevant to the desirability and difficulty of the case.  *Id.*  The court then multiplies the reasonable hourly rate by the number of hours reasonably expended on the matter to arrive at the lodestar.  *Id.* at 291.

Courts must take an active role in assessing the reasonableness of attorney fee awards and should not treat cost decisions as a " 'litigation afterthought.' "  *Berryman*, 177 Wn. App. at 657 (quoting *Mahler*, 135 Wn.2d at 434).  While the court does not need to "deduct hours here and there just to prove to the appellate court that it has taken an active role in assessing the reasonableness of a fee request," it must issue findings of fact and conclusions of law that "do more than give lip service to the word 'reasonable.' "  *Id.* at 658.  The findings and conclusions must be "sufficient to permit a reviewing court to determine why the trial court awarded the amount in question."  *SentinelC3, Inc.*

*v. Hunt*, 181 Wn.2d 127, 144, 331 P.3d 40 (2014).  They must show how the court resolved disputed issues of fact and explain the court's analysis. *Berryman*, 177 Wn. App. at 658.

Here, Huelsman raised several objections to the Trustee's fee motion.  For example, she argued that (1) it was unreasonable for the Trustee's counsel to staff this matter with two seasoned attorneys in addition to an associate and a paralegal, (2) the Trustee should not recover for the prelitigation time its attorneys spent researching nonjudicial foreclosures, and (3) although Huelsman herself is a seasoned foreclosure defense attorney, that did not justify treating her file differently from other borrowers' files, including researching defenses she had raised in her clients' *nonjudicial* foreclosure cases.  And Huelsman pointed out that the default judgment amount included a "Corporate Advance Balance" of $28,303.51, which the Trustee's counsel later confirmed consisted of attorney fees.  Huelsman questioned potential overlap between the amounts already awarded as "corporate advances" and the fees requested in the Trustee's fee motion.

The trial court did not address any of these issues.  It found only that "the hourly rate of counsel and time spent on this matter is both reasonable and necessary under the facts of this case and conduct by [Huelsman]."  The Trustee points out that it presented evidence that this case "was especially time-consuming" and asserts that the trial court did not abuse its discretion by accepting the Trustee's evidence.  But the trial court's conclusory finding does explain its analysis or allow us to evaluate its decision, especially in light of

Huelsman's specific objections.[3]  *See Mahler*, 135 Wn.2d at 435 (appellate court's role is to "ensure that discretion is exercised on articulable grounds").  For example, it does not appear the Trustee addressed Huelsman's concern about the "corporate advances" in its briefs in support of its fee motion, and we cannot discern how the trial court resolved that concern.  It is also unclear why the trial court concluded it was reasonable for the Trustee's counsel to incur fees to research nonjudicial foreclosures and anticipated defenses when this is a judicial foreclosure action ultimately resolved by default.[4]

We reverse the fee award and remand for the trial court to consider more meaningfully what constitutes a reasonable fee.  *Cf. Berryman*, 177 Wn. App. at 658-59 (reversing fee award and remanding for further consideration where trial court's findings and conclusions lacked required scrutiny of objecting party's "very specific objections").

3.  Order Confirming Sale

Huelsman next argues that the trial court erred by confirming the sheriff's sale.  Although we conclude that we must remand for the trial court to evaluate

---

[3] The Trustee points out that Huelsman admitted to not providing the trial court with a working copy of her response to the Trustee's fee motion.  It then asserts that the trial court's order granting the fee motion "made it clear . . . that [Huelsman] did not file a response to the motion for fees *and therefore had made no objections*."  (Emphasis added.)  But on reconsideration, the trial court stated that it did not base its fee decision on any irregularities with Huelsman's filings and, instead, had considered "the record before the court."  Further, Huelsman's objections were also set forth in her declaration, which the court acknowledged it received.  And the trial court did not indicate that it had stricken or declined to consider the declaration.

[4] We do not suggest that these fees were unreasonable; only that without more specific findings, we cannot evaluate the trial court's decision.

the reasonableness of the additional attorney fees awarded in the order confirming the sale, we otherwise affirm the order.

RCW 6.21.110 governs confirmation of a purchase at a judicial sale. The court must confirm a sheriff's sale unless "there were substantial irregularities in the proceedings concerning the sale, to the probable loss or injury of the party objecting." RCW 6.21.110(3). " '[C]onfirmation of judicial sales rests largely within the discretion of the trial court' and so is reviewed for manifest abuse of such discretion." *Sixty-01 Ass'n of Apt. Owners v. Parsons*, 181 Wn.2d 316, 322, 335 P.3d 933 (2014) (quoting *Braman v. Kuper*, 51 Wn.2d 676, 681, 321 P.2d 275 (1958)). We generally defer to a sale "absent substantial irregularities or great inadequacies." *Id.* at 327.

Huelsman argues that we must vacate the confirmation of sale because there were discrepancies between the amounts set forth in the default judgment and those in the bidding instructions for the sheriff's sale. In particular, she points out that the amounts of the escrow advances, delinquent interest, and corporate advances in the bidding instructions were higher than the amounts for those line items in the default judgment.

But the default judgment authorized the Trustee to recover

such additional sums as [it] may advance for taxes, assessments, municipal charges, and such other items as may constitute liens on the property, together with insurance and repairs necessary to prevent impairment of the security, together with interest thereon from the date of payment.

And the Trustee's counsel submitted a declaration explaining how it calculated the additional interest based on the underlying loan's four-percent interest rate

11

and attesting that the additional escrow advances, which included property taxes, were made after the court entered default judgment in October 2023. Huelsman fails to show the trial court abused its discretion by directing that the sale proceeds cover these additional amounts.

The corporate advances, however, are a different matter. In his declaration, Trustee's counsel stated, "The bidding instructions included attorneys' fees, which were captured as 'corporate advances,' in the amount of $66,969.92." This is $17,380.44 more than the fees the trial court awarded in its earlier fee order, and an increase of $38,666.41 from the amount of "corporate advances" shown in the payoff statement the Trustee submitted when it moved for default judgment. Additionally, Trustee's counsel stated that "[s]ince April 5, 2024, additional fees in the amount of $16,570.30 have been incurred."

The trial court allowed the Trustee to recover the additional "corporate advances" even though the Trustee did not provide documentation to support the reasonableness of any postjudgment fees. And, as discussed earlier, it is unclear from the record how the trial court resolved Huelsman's concerns about potential overlap between any fees designated as "corporate advances" and the fees the Trustee separately sought by motion.

We direct the trial court on remand to evaluate the reasonableness of any postjudgment fees incurred by the Trustee. We otherwise affirm the order confirming the sale.[5]

---

[5] Huelsman cites no authority for the proposition that the deficiencies in the trial court's fee award require us to vacate the confirmation of sale.

4. Fees on Appeal

Each party requests an award of fees on appeal based on underlying contracts. We may award attorney fees on appeal if a contract, statute, or recognized ground in equity permits the recovery of attorney fees and the party substantially prevails. *Judges of Benton & Franklin Counties Superior Ct. v. Killian*, 195 Wn.2d 350, 363, 459 P.3d 1082 (2020).

Here, the Trustee asserts it "is entitled to an award of attorneys' fees under its contract with [Huelsman] as well as in equity." And Huelsman asserts "she is entitled to . . . fees based upon the same contract language which [the Trustee] relies upon to recover its attorneys' fees." But neither party cites the relevant contract language or provides any analysis of why that language supports an award of fees on appeal. Nor does the Trustee provide any argument about why equity supports an award of fees.

RAP 18.1(b) "requires more than a bald request for attorney fees on appeal." *Wilson Court Ltd. P'ship v. Tony Maroni's, Inc.*, 134 Wn.2d 692, 710 n.4, 952 P.2d 590 (1998). "Argument and citation to authority are required under the rule to advise us of the appropriate grounds for an award of attorney fees." *Id.* And, in any event, while the Trustee prevailed on Huelsman's challenges to the default judgment, Huelsman prevailed on her challenges to the amount of the trial court's attorney fee awards. So, neither party substantially prevailed on appeal. As a result, we deny both parties' requests for fees on appeal.

We dismiss Huelsman's appeal of the default judgment.  And we reverse the trial court's award of attorney fees, including any postjudgment attorney fees, and remand to the trial court for more meaningful consideration of what constitutes a reasonable fee.  Otherwise, we affirm.

_____, ACJ

WE CONCUR:

_____           _____