[No. 4725–0–II.   Division Two.   July 26, 1982.]

FRANK GRIFFIN, ET AL, *Respondents*, v. WALTER L. DRAPER, ET AL, *Appellants*.

*Jack Cyr, Jr.,* for appellants.

*Lawrence E. Soriano* and *Soriano & Soriano,* for respondents.

PETRICH, A.C.J.—Walter and Nellie Draper appeal from an order finding Walter Draper in contempt of court, and from denial of their motion for reconsideration of a 10–month–old judgment. We affirm.

The parties are adjoining landowners. In 1979, the Griffins brought suit against the Drapers to establish an easement by prescription for use of a 10–foot–wide strip of the Drapers' driveway. Following a 2–day trial in March 1979, the trial court awarded to the Griffins an easement to use the 10–foot strip for purposes of ingress and egress for access to the rear of the Griffins' home. The court allowed the Drapers to fence the driveway and their common boundary, but required them to provide the Griffins with free access through the gates. Judgment was entered on May 25, 1979, from which no appeal was taken. Sometime thereafter, the Drapers installed electrically controlled gates on the driveway and boundary line, which were operated by electric panels located in the Drapers' home. Contrary to the court's oral ruling and judgment, the Drapers refused to allow the Griffins unfettered access.

In February 1980, nearly 9 months after entry of judgment, the Griffins moved to show cause why the Drapers should not be held in contempt of court for violation of the judgment. In response, in March 1980, then 10 months after judgment, the Drapers moved for reconsideration of the May 25, 1979 judgment on the grounds an error of law occurred. The thrust of the Drapers' motion was that facts developed at trial in 1979 were not sufficient to establish an easement by prescription. Following a hearing on March 25, 1980, the motion for reconsideration was denied. Mr. Dra-

per was found in contempt for failure to comply with the May 25, 1979 judgment, but was allowed time to purge the contempt by placing a control box to the gates on the Griffins' property. A second contempt hearing was held in April 1980, at which Mr. Draper was present. The court found Mr. Draper continued to be in contempt, and authorized the Griffins to remove the gates blocking access. The Drapers appeal from the denial of their motion for reconsideration of the May 25, 1979 judgment and from the order of contempt.

The first issue we address is whether the motion for reconsideration served 10 months after entry of the judgment was timely. At the time of entry of the judgment, CR 59(b) provided:[1]

> **Time for Motion.** A motion for reconsideration and/or for a new trial may be served and filed after the verdict is received in a case tried by a jury or after the oral or written decision in a case tried to the court. No motion for reconsideration or for a new trial may be served more than 5 days after the entry of the verdict or oral or written decision.

The 5–day requirement stated in CR 59(b) establishes the maximum time within which a motion for reconsideration may be made. The time may not be extended. *In re Marriage of Harshman,* 18 Wn. App. 116, 567 P.2d 667 (1977); CR 6(b). In the instant case the motion for reconsideration was filed 10 months after entry of the judgment. It was not timely; the trial judge did not abuse his discretion in denying the motion. The time for appealing the May 25, 1979, judgment expired 30 days after the entry of the judgment. The Drapers' untimely motion for reconsideration has no effect upon the commencement of time for filing an appeal in this court. *Canzler v. Mammoliti,* 40 Wn.2d 631, 245 P.2d 215 (1952). Since the Drapers did not timely perfect their appeal, this court is without jurisdiction to review the

---

[1]CR 59(b) was amended July 1, 1980, to provide:

"A motion for a new trial shall be served not later than 5 days after entry of the judgment."

merits of the May 25, 1979 judgment.

The Drapers contend the March 1980 motion for reconsideration was necessary due to the continuing contempt citations. We do not agree. It is true that Mr. Draper has a right of appeal from the order of contempt, RCW 7.20.140; however, this does not bring forward the original judgment for review because the appeal is more than 30 days from the judgment. *See, e.g., State ex rel. Lemon v. Coffin,* 52 Wn.2d 894, 327 P.2d 741, 332 P.2d 1096 (1958); *In re Marriage of Osborn,* 24 Wn. App. 862, 604 P.2d 954 (1979). *See also Bresolin v. Morris,* 86 Wn.2d 241, 543 P.2d 325 (1975) (final judgment is subject to attack only if it is absolutely void, and not merely erroneous). *See generally* 2A L. Orland, Wash. Prac. § 3074, at 443 (3d ed. 1978). The scope of our review of the contempt order is whether the order itself was properly entered. *See generally* 9 J. Moore, *Federal Practice* ¶ 110.13[4] (1975); *Cabrera v. Municipality of Bayamon,* 622 F.2d 4 (1st Cir. 1980).

We turn next to the issue of whether the contempt order was properly entered. Mr. Draper does not challenge the procedural aspects of the contempt proceedings. He contends instead that he did not have *actual* notice of the contents of the judgment which differs from the oral opinion, and, therefore, he could not be held in contempt for violating the judgment.

In his oral ruling, the trial judge indicated he would issue an order restraining the Drapers from blocking the Griffins' use of the 10–foot strip for ingress and egress. Further, the Drapers could fence and gate the driveway if they allowed the Griffins access through the gate. He also stated the Drapers could not gate the boundary line so as to deny the Griffins access to their backyard. Mr. Draper was present when this decision was rendered. The judgment reads in part:

> defendants have the right to fence and gate the driveway area . . . to the back of plaintiff's property; provided further that defendants must provide plaintiffs . . . with free access through the gates to have access and use of

the driveway; provided further that the gate portion of the fence along the easterly border [common boundary] of the driveway must provide a minimum opening of twelve (12) feet; provided further that the gate must not be a swinging gate but must be a sliding gate . . .

Mr. Draper contends that he could not be held in contempt because he did not have actual notice of the 12-foot opening or sliding gate requirement. He does not contend he was unaware of entry of the judgment or that he did not know he could not block the Griffins' access.

In *In re Koome,* 82 Wn.2d 816, 821, 514 P.2d 520 (1973), the court held that:

in the context of contempt proceedings relating to alleged disobedience or defiance of a lawful judgment, decree, order, or process of a court by one directly bound thereby or in privity thereto, that it is unnecessary that the one charged be personally served with a copy of the order. It is sufficient if the alleged contemnor has knowledge of the order and its legal effect.

We have not been provided a verbatim record of the contempt hearings. From the court's orders it is clear Mr. Draper was found to be in contempt because he refused the Griffins unfettered access to the easement by installing an electrically controlled gate and retaining exclusive control of the gate, and not because of the size of the gate or the direction in which it opened. Mr. Draper was present in the courtroom when the court orally stated he could not block the Griffins' access. Mr. Draper does not contend he was without knowledge of the judgment and of its legal effect. The order of contempt was properly entered.

The Griffins request that sanctions be imposed against the Drapers pursuant to RAP 18.9(a)[2] because the

---

[2]RAP 18.9(a) provides:

"**Sanctions.** The appellate court on its own initiative or on motion of a party may order a party or counsel who uses these rules for the purpose of delay or who fails to comply with these rules to pay terms or compensatory damages to any other party who has been harmed by the delay or the failure to comply. The appellate court may condition a party's right to participate further in the review on compliance with terms of an order or ruling including payment of an award which is ordered paid by the party. If an award is not paid within the time speci-

appeal is frivolous. An appeal is considered frivolous when it presents no debatable issues and is so devoid of merit that there is no possibility of reversal. *Streater v. White,* 26 Wn. App. 430, 613 P.2d 187 (1980). In *Streater,* at page 435, the court set out the following considerations which we adopt:

> (1) A civil appellant has a right to appeal under RAP 2.2; (2) all doubts as to whether the appeal is frivolous should be resolved in favor of the appellant; (3) the record should be considered as a whole; (4) an appeal that is affirmed simply because the arguments are rejected is not frivolous; (5) an appeal is frivolous if there are no debatable issues upon which reasonable minds might differ, and it is so totally devoid of merit that there was no reasonable possibility of reversal.

We think this appeal presents no debatable issues and is devoid of merit. Although we have addressed the Drapers' assignments of error, it is evident from the record that the purpose of the appeal was to relitigate the lawsuit tried in March 1979. The motion for reconsideration was clearly 10 months too late. The Drapers do not challenge the established rule of law that an appeal from a final order after judgment does not bring up for review the judgment previously entered. Furthermore, the Drapers devote one paragraph in their 26–page brief to the argument on actual notice of the judgment, and do so without citation of authority. The Drapers have utilized the Rules of Appellate Procedure for delay, increasing the Griffins' costs and legal fees. *See Rich v. Starczewski,* 29 Wn. App. 244, 628 P.2d 831, *review denied,* 96 Wn.2d 1002 (1981). Pursuant to RAP 18.9(a) we impose $1,000 as terms and damages to be paid by the Drapers to the Griffins.

---

fied by the court, the appellate court will transmit the award to the superior court of the county where the case arose and direct the entry of a judgment in accordance with the award."

Affirm.

PETRIE and WORSWICK, JJ., concur.

Reconsideration denied September 3, 1982.

Review denied by Supreme Court November 22, 1982.