[No. 17305-7-I.   Division One.   August 3, 1987.]

GENESEE, INC., *Respondent,* v. FIRSTLINE INVESTMENT, INC., ET AL, *Defendants,* STEVEN WOHLANDER, ET AL, *Appellants.*

*Joseph G. Nolan* and *Richard L. Jones,* for appellants.

*Valita R. Kreiss,* for respondent.

RINGOLD, A.C.J.—Steven Wohlander, John and Marla Harrison, Ronald and Janis Smith, and Gerald and Doris Winters appeal the trial court's summary judgment order in favor of the respondent, Genesee, Inc. This order quieted title in favor of Genesee in a certain parcel of real property which it had purchased at a tax sale and also declared that the appellants' purported easement in the property was null and void. Appellants assign error to the entry of the summary judgment contending that the tax sale should be deemed void because they did not receive notice of the tax foreclosure proceeding. We affirm the trial court's decision.

The facts are largely undisputed. Firstline Investments, Inc., was the record owner of a lot (lot 29) located in Redmond, Washington. In a document entitled "Declaration of Easement and Agreement" dated April 23, 1981, and recorded in King County on May 12, 1981, Firstline purported to convey an easement in lot 29 to the appellants to be used as a driveway to their respective properties. It is undisputed that Firstline did not properly acknowledge the document. Beginning in 1979, Firstline did not pay the real property taxes which had been assessed against lot 29. As a result Genesee purchased lot 29 at a tax foreclosure sale conducted by King County on April 16, 1984. Appellants were not given notice of the foreclosure proceedings.

On September 18, 1984, Genesee filed a complaint to quiet title contending: first, that the appellants did not have an easement in lot 29 because Firstline had not acknowledged the document conveying the purported easement and, second, that even if the easement were valid, it was extinguished by the tax foreclosure sale because the easement was established after the year in which the taxes became delinquent. Appellants respond claiming *inter alia,* that the tax foreclosure sale was void because they had not received notice as required by the fourteenth amendment to the United States Constitution.

Genesee and the appellants filed motions for summary

judgment. The court granted the motion of Genesee, quieting title to Genesee in lot 29 and declaring that the appellants' claimed easement was null and void. The court also denied the appellants' motion for reconsideration.

A motion for summary judgment under CR 56(c) should be granted only if the pleadings, affidavits, depositions, and admissions on file demonstrate that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. The court must consider all of the facts submitted and reasonable inferences therefrom in the light most favorable to the nonmoving party. The court should grant the motion only if, from all of the evidence, reasonable persons could reach but one conclusion. In reviewing the trial court's decision, this court engages in the same inquiry as did the trial court. *Wilson v. Steinbach,* 98 Wn.2d 434, 437, 656 P.2d 1030 (1982); *Camer v. Seattle Post–Intelligencer,* 45 Wn. App. 29, 35, 723 P.2d 1195 (1986). We, therefore, review the evidence presented to the trial court.

At the time of the events in question, former RCW 84.64.030 provided in pertinent part:

> Any time after the expiration of three years from the original date of delinquency of any tax included in a certificate of delinquency, the holder of any certificate of delinquency, may give *notice and summons to the owner of the property* described in such certificate, that he or she will apply to the superior court of the county in which such property is situated for a judgment foreclosing the lien against the property mentioned therein.

(Italics ours.) In *Mennonite Bd. of Missions v. Adams,* 462 U.S. 791, 77 L. Ed. 2d 180, 103 S. Ct. 2706 (1983), the Court held that a mortgagee has a legally protected property interest and is thus entitled to notice reasonably calculated to apprise him or her of a pending tax sale on the mortgaged property. *Mennonite,* 103 S. Ct. at 2711. The Court invalidated an Indiana statute which only provides that notice of a pending tax sale be given to the owner of the affected property, thus violating the due process require-

ments of the Fourteenth Amendment. As a result of *Mennonite,* the Washington Legislature amended RCW 84.64-.030, expanding its notice requirements:

> Any time after the expiration of three years from the original date of delinquency of any tax included in a certificate of delinquency, the holder of any certificate of delinquency may give *notice and summons to the owner of the property described in such certificate, and any person having a recorded interest in or lien of record upon the property,* that he or she will apply to the superior court of the county in which such property is situated for a judgment foreclosing the lien against the property mentioned therein.

(Italics ours.) Laws of 1984, ch. 179, § 1, effective June 7, 1984.

Appellants contend that because they had what they termed a "recorded interest" in lot 29 they should have received notice of the tax sale. Relying on RCW 65.08.030,[1] they argue that the fact that the easement was not acknowledged is irrelevant because the County still had notice of their "recorded interest," and could have notified them. Genesee responds that because the easement was not acknowledged, the appellants have no enforceable property interest about which they may be notified and the tax sale should thus be upheld, under either version of RCW 84.64-.030, or under RCW 65.08.070.

■ Every conveyance of or interest in real estate shall be by deed, RCW 64.04.010, and every such deed is required to be in writing, signed by the party bound thereby, and acknowledged. RCW 64.04.020. An instrument

---

[1]RCW 65.08.030 states:

"Recorded irregular instrument imparts notice. An instrument in writing purporting to convey or encumber real estate or any interest therein, which has been recorded in the auditor's office of the county in which the real estate is situated, although the instrument may not have been executed and acknowledged in accordance with the law in force at the time of its execution, shall impart the same notice to third persons, from the date of recording, as if the instrument had been executed, acknowledged, and recorded, in accordance with the laws regulating the execution, acknowledgment, and recording of the instrument then in force."

which has not been acknowledged by the grantor, but otherwise satisfies the requirements of a deed, is not yet a deed. *Eggert v. Ford,* 21 Wn.2d 152, 154, 150 P.2d 719 (1944).

Assuming then that the easement was duly acknowledged, its existence would not interfere with the rights of King County, to which Genesee succeeded, because it was not established prior to 1979, the first year for which the tax was foreclosed. RCW 84.64.460 provides:

> The general property tax assessed on any tract, lot, or parcel of real property includes all easements appurtenant thereto, provided said easements are a matter of public record in the auditor's office of the county in which said real property is situated. Any foreclosure of delinquent taxes on any tract, lot or parcel of real property subject to such easement or easements, and any tax deed issued pursuant thereto shall be subject to such easement or easements, *provided such easement or easements were established of record prior to the year for which the tax was foreclosed.*

(Italics ours.) *Accord, Olympia v. Palzer,* 107 Wn.2d 225, 228–29, 728 P.2d 135 (1986). The court did not err in granting Genesee's motion for summary judgment. There were no material facts in dispute and Genesee was entitled to have its title quieted in lot 29 under either the theory that the appellants had no protected property interest due to the defectively acknowledged easement or that, pursuant to RCW 84.64.460, any easement was extinguished by the tax sale.

We affirm the judgment.

WILLIAMS and COLEMAN, JJ., concur.

Review denied by Supreme Court November 4, 1987.