[No. 45266-5-I.   Division One.   August 27, 2001.]

*In the Matter of the Marriage of* SUZANNE MAGNUSSON, *Appellant*, and HAUKUR JOHANNESSON, *Respondent*.

*Laura E. Christensen Colbert*, for appellant.

*Ronald C. Hardesty* (of *Carpenter Walker & Hardesty*) and *Catherine W. Smith* and *Brendan P. Finucane* (of *Edwards, Sieh, Smith & Goodfriend, P.S.*), for respondent.

BECKER, J. — During the residential time allocated to a parent by a parenting plan, that parent ordinarily may

designate family members or other persons to care for the child. A parenting plan that expressly permits such designation does not unconstitutionally interfere with the other parent's right to autonomy in decision making.

Suzanne Magnusson and Haukur Johannesson divorced in 1995 in Whatcom County Superior Court. At the time of the parties' dissolution, the court entered a parenting plan. The plan provided that the four-year-old son of the parties, Odinn, would reside primarily with the mother, who lives in Blaine. The father, a fisherman, worked mostly in Alaska. The plan provided that when the father was in Washington, Odinn would spend alternating weeks with each parent. At this time, the residences of the mother and father were not far apart.

The modification order at issue in the present appeal was entered in 1999, at the request of the father. He had moved to Seattle and the court modified the parenting plan so that his visitation was every other weekend instead of every other week. Under the original parenting plan, when the father was in Alaska, all of his visitation time reverted to the mother. The modification order provided that when the father was away fishing he could designate his family members to care for Odinn during the first weekend of each month he was gone. The boy would remain with his mother during other weekends of that month.

At the heart of the mother's appeal is her opposition to the provision for care of Odinn by members of the father's family. She characterizes the provision as one that awards visitation rights to nonparents and gives nonparents priority over parents. She contends the court was without authority to make such a provision in a parenting plan. Relying on *In re Custody of Smith*, 137 Wn.2d 1, 969 P.2d 21 (1998), and *Troxel v. Granville*, 530 U.S. 57, 120 S. Ct. 2054, 147 L. Ed. 2d 49 (2000), she argues the court impermissibly interfered with her parental rights by allowing the father's relatives to have visitation with Odinn against her wishes.

*Smith* and *Troxel* each arose in the context of a third party

petition for visitation. Our Supreme Court held, and the United States Supreme Court agreed, that a statute violated the substantive due process rights of parents to the extent it permitted a court to award visitation rights to third parties over the objection of a natural parent, absent a showing that the parent was unfit or that the child would be harmed without the visitation. Such an order unconstitutionally interferes with the fundamental parental right to autonomy in child rearing decisions. *Troxel*, 530 U.S. at 72.

*Troxel* and *Smith* involved the competing rights of parents and nonparents. Despite Suzanne Magnusson's strenuous argument to the contrary, this case concerns the conflicting wishes of the two parents. Nothing in *Troxel* or *Smith* requires a parent to obtain the permission of the other parent or of the court before designating others to care for a child during that parent's residential time.

The order gives the father, not his relatives, the right to control visitation:

DURING ANY PERIOD IN WHICH THE FATHER IS OUT OF THE STATE COMMERCIAL FISHING, he may designate persons of his family to provide child care for Odie during the first regularly scheduled weekend visitation of each month he is gone. The remaining regularly scheduled weekends of each month he is gone shall be spent with the mother. The father shall provide notice in writing to the mother of his expected departure and return dates, and shall designate in writing those members of his family who are authorized by him to provide child care for Odie in accordance with this paragraph. Upon his return, the father shall resume his regularly scheduled residential time with Odie.

Under this provision Haukur Johannesson will select the members of his family who may care for Odinn in his absence. If he chooses not to designate anyone, his family members will have no legally enforceable right to override his decision.

The mother asserts that the provision must be vacated because the court failed to find that it was in Odinn's best

interests to visit with his father's relatives. We disagree. The court found there was no basis for restrictions on the father's residential time. That finding is a verity on appeal because the mother has not assigned error to it. *In re Marriage of Brewer*, 137 Wn.2d 756, 766, 976 P.2d 102 (1999). In the absence of a finding that spending time with the relatives was against Odinn's best interests, the provision allowing it simply confirms a normal right of parental decision making. Ordinarily, a parent may designate other caretakers even though the parenting plan makes no special finding or conclusion on that topic. The court needed to address it explicitly in this particular case only because it became a matter of dispute.

The parenting plan modification is affirmed.

The remainder of this opinion has no precedential value. Therefore, it will be filed for public record in accordance with the rules governing unpublished opinions. RCW 2.06-.040.

AGID, C.J., and APPELWICK, J., concur.