# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DEUTSCHE BANK NATIONAL TRUST )
COMPANY, AS TRUSTEE FOR )
MORGAN STANLEY HOME EQUITY )
LOAN TRUST 2005-3 MORTGAGE )
PASS-THROUGH CERTIFICATES, )
SERIES 2005-3, )
                                   )
                Respondent, )
                                     )
                v. )
                                       )
MARTHE DAIX; TOUSSANT DAIX; )
COMUNITY LENDING, )
INCORPORATED; MORTGAGE )
ELECTRONIC REGISTRATION )
SYSTEMS, INC.; API/PICHON VIII, )
LLC; UNITED STATES OF )
AMERICA INTERNAL REVENUE )
SERVICE; ALSO ALL PERSONS OR )
PARTIES UNKNOWN CLAIMING, ANY )
RIGHT, TITLE, LIEN, OR INTEREST IN )
THE PROPERTY DESCRIBED IN THE )
COMPLAINT HEREIN, )
                                     )
                Appellants. )

No. 74616-2-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: July 31, 2017

COURT OF APPEALS DIV I
STATE OF WASHINGTON
FILED
2017 JUL 31 AM 10: 19

MANN, J. — Toussaint and Marthe Daix (Daixes) appeal an order granting summary judgment and decree of foreclosure and a subsequent order denying a motion

to vacate. Because the Daixes' appeal was untimely, we dismiss it. Deutsche Bank's request for attorney fees on appeal is granted.

## FACTS

In 2005, the Daixes executed a promissory note for $400,500 from Meritage Mortgage Corporation. The note was indorsed to Deutsche Bank National Trust Company, as trustee for the Morgan Stanley Home Equity Loan Trust 2005-3 Mortgage Pass-Through Certificates, Series 2005-3 (Deutsche Bank). The note was secured by a deed of trust encumbering the Daixes' property. Deutsche Bank is the current beneficiary.

The Daixes stopped making payments and became delinquent on the note on or before August 2007. In January 2011, the loan's servicer sent the Daixes a notice of default. The Daixes failed to cure the default and in November 2014, Deutsche Bank initiated a judicial foreclosure action. On September 17, 2015, Deutsche Bank moved for summary judgment. The Daixes did not file an opposition but appeared at the hearing and requested extra time to respond. The trial court denied the request for additional time and on October 30, 2015, granted summary judgment for Deutsche Bank and entered a decree of foreclosure.

On November 25, 2015, the Daixes filed a proposed "Order to Show Cause (Vacate Judgment/Order)" along with a declaration in support of motion to vacate. The declaration appears to reargue the merits of the motion for summary judgment. The trial court denied the motion the same day it was filed. On December 4, 2015, the Daixes filed a motion for reconsideration. On December 15, 2015, the Daixes filed their notice of appeal.

## ANALYSIS

### *The Notice of Appeal was Untimely*

A party must file a notice of appeal within 30 days of the entry of the decision that the party is appealing. RAP 5.2(a). This 30-day period is extended, however, by a timely motion for reconsideration or new trial. RAP 5.2(a), (e). A motion for reconsideration or new trial is timely when a party files and serves the motion within ten days after the order. CR 59(b).

In this case, the order granting summary judgment and entering the decree of foreclosure was issued on October 30, 2015. Absent a timely motion for reconsideration or new trial, the notice of appeal should have been filed within 30 days. Griffin v. Draper, 32 Wn. App. 611, 613, 649 P.2d 123 (1982).

The Daixes did not file their notice of appeal within 30 days of the entry of judgment. Nor did the Daixes file a timely motion for reconsideration or new trial. Under CR 59(a), a motion for reconsideration or new trial had to be filed within 10 days of October 30, 2015. Assuming that the Daixes' motion for order to show cause was, in effect, a motion for reconsideration or new trial, it was not filed until November 25, 2015. The motion, therefore, was untimely.

While the Daixes filed a timely motion for reconsideration of the trial court's decision denying the motion for order to show cause, they failed to provide any basis for concluding that the trial court's order was erroneous. Because the motion for order to show cause was untimely, it was properly denied.

The Daixes' notice of appeal was untimely and must be dismissed.

*Attorney Fees*

Deutsche Bank requests an award of costs and attorney fees as the prevailing party on appeal. A court may award a party its attorney fees when applicable law authorizes them. RAP 18.1. A party may recover reasonable attorney fees and costs in an action on a contract when the contract provides for that recovery. RCW 4.84.330. Here, the Daixes' deed of trust provides that the lender "shall be entitled to recover its reasonable attorneys' fees and costs in any action or proceeding to construe or enforce any term of this [s]ecurity [i]nstrument" including "attorneys' fees incurred . . . on appeal." Because Deutsche Bank enforced the security instrument and prevails on appeal, we award Deutsche Bank its reasonable attorney fees and costs.

We dismiss and award fees and costs.

_____
Mann, J.

WE CONCUR:

_____        _____
Trickey, A.C.J.                 Spearman, J.

-4-