IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Visits with: | ) | No. 37585-4-III |
| | ) | (consolidated with |
| S.A.A.† | ) | No. 37586-2-III; |
| | ) | No. 37683-4-III) |
| T.A. and D.A., | ) | |
| | ) | |
| Petitioners, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| H.E.L., | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | UNPUBLISHED OPINION |
| and | ) | |
| | ) | |
| | ) | |
| A.A.A., | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |
| In the Matter of the Parenting and | ) | |
| Support of: | ) | |
| | ) | |
| S.A.A. | ) | |
| | ) | |

        † To protect the privacy interests of S.A.A., a minor child, we use her first and last name initials (S.A.) and the first and last name initials of her relatives throughout the body of this opinion. Gen. Order 2012-1 of Division III, *In re Use of Initials or Pseudonyms for Child Victims or Child Witnesses* (Wash. Ct. App. June 18, 2012), https://www.courts.wa.gov/appellate_trial_courts/?fa=atc.genorders_orddisp&ordnumber =2012_001&div=III.

Nos. 37585-4-III; 37586-2-III; 37683-4-III
*In re Visits with S.A.*

A.A.A.,                                    )
                                           )
            Respondent,                    )
                                           )
    and                                    )
                                           )
H.L.,                                      )
                                           )
            Appellant.                     )

PENNELL, C.J. — H.L. appeals various court orders regarding the residential placement of her child, S.A. We affirm and grant the father's request for attorney fees.

BACKGROUND

In 2013, A.A. (father) and H.L. (mother) had a child, S.A. The parents' relationship was acrimonious. The mother also had a difficult relationship with the father's family and did not wish for S.A. to have contact with the paternal grandparents.

In 2018, the paternal grandparents brought a petition for third-party visitation. The petition was later dismissed with prejudice. While the petition for third-party visitation was pending, the father brought a separate petition to establish a parenting plan. After a bench trial, the court awarded 50/50 custody to the mother and father. No restrictions were imposed. Because the father was living with his parents, the residential split meant the paternal grandparents would inevitably have contact with S.A. during the father's residential time.

2

Nos. 37585-4-III; 37586-2-III; 37683-4-III
*In re Visits with S.A.*

The mother appeals.

ANALYSIS

The mother assigns error to various court orders. However, the only issue that has

been argued is whether the trial court was required to preclude contact between S.A. and

the paternal grandparents based on the dismissal of the third-party visitation petition and

the mother's fundamental rights to parent. An issue to which a party assigns error but

does not argue is waived. *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809,

828 P.2d 549 (1992). We therefore limit our analysis to the mother's arguments regarding

contact between S.A. and the paternal grandparents.

We agree with the trial court that the mother lacks any basis to preclude contact

between S.A. and her paternal grandparents during the father's residential time. Contrary

to the mother's arguments, the court's orders do not undermine the dismissal of the

grandparents' third-party visitation petition by awarding them de facto visitation.[1] The

grandparents were not awarded any rights. Instead, the father was awarded residential

time without restrictions. This means he can decide who S.A. has contact with during his

residential time. *In re Marrige of Magnusson*, 108 Wn. App. 109, 112-113, 29 P.3d 1256

---

[1] Given the lack of shared subject matter, neither res judicata nor collateral estoppel are at issue.

3

(2001). Both the mother and father have equal rights to direct S.A.'s upbringing. Neither parent has veto rights over how the other spends their residential time. Under the terms of the 50/50 parenting plan, the mother and father must each defer to the other's normal right of parental decision-making, including who S.A. has contact with during residential time.

Both sides request attorney fees on appeal. We award fees to the father under RAP 18.9(a). We agree with the father that the mother's appeal is frivolous. "An appeal is considered frivolous when it presents no debatable issues and is so devoid of merit that there is no possibility of reversal." *Griffin v. Draper*, 32 Wn. App. 611, 616, 649 P.2d 123 (1982). This is a difficult standard, but it is met in this case. The mother's appeal misapprehends the nature of the trial court's orders. The court trial did not address competing rights between a parent (who enjoys constitutional rights to parent) and third-party grandparents (whose rights, if any, are limited). Instead, the court addressed competing rights of parents. It is well established in our case law that a fit parent is entitled to decide how a child spends residential time. *Magnusson*, 108 Wn. App. at 112-113; *see also In re Marriage of McNaught*, 189 Wn. App. 545, 563-65, 359 P.3d 811 (2015). The mother's briefing fails to acknowledge this authority. Because the mother

4

Nos. 37585-4-III; 37586-2-III; 37683-4-III
*In re Visits with S.A.*

presents no debatable reason for success on her appeal, we award attorney fees to the

father as a sanction.

## CONCLUSION

The orders on appeal are affirmed. The father (A.A.) is awarded reasonable

attorney fees, pursuant to RAP 18.9(a), subject to his timely compliance with

RAP 18.1(d). Such fees shall be payable by counsel for the mother (H.L.).

A majority of the panel has determined this opinion will not be printed in

the Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Pennell, C.J.

WE CONCUR:

_____
Fearing, J.

_____
Staab, J.

5