IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| LEROY HOWELL, a married man; KATHIE CLAYTON, spouse; THE ESTATE OF KATHERINE M HOWELL; and HEIRS OF KATHERINE M HOWELL, | ) ) ) ) ) ) | No. 37663-0-III |
| Respondents, | ) ) | UNPUBLISHED OPINION |
| v. | ) ) | |
| EVAAN SYRAH SOLOMON | ) ) | |
| Appellant | ) ) | |
| EVAAN SYRAH SOLOMON TRUST 120; IVAN KRIGER, GREEN GLOBAL LLC; DEFUNCT BUSINESS; NATALYA KRIGER, former-spouse having potential interest; and ALL PERSONS OR PARTIES UNKNOWN CLAIMING ANY RIGHT, TITLE, ESTATE, LIEN OR INTEREST IN TE REAL ESTATE DESCRIBED IN THE COMPLAINT HEREIN, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

FEARING, J. — Defendant Evaan Solomon appeals a summary judgment ruling granted plaintiff LeRoy Howell against him and a default judgment order entered against

other defendants. Because of the failure of the defendants to answer the complaint and

because of Solomon's failure to dispute Howell's recitation of facts provided the superior

court as part of the summary judgment motion, we affirm both judgments.

FACTS

This lawsuit concerns title to 124.19 acres of land near Latah Creek in Spokane

County. In 1985, LeRoy Howell and his first wife, Katherine Howell, purchased the

acreage.

LeRoy Howell, now seventy-six years old, maintains poor health. He weakly

controls his type 2 diabetes. He has suffered two strokes and two heart attacks. He

experiences blindness in one eye and impaired vision in the other eye, making reading a

difficult task. Howell also endures disorientation, confusion, and short-term memory

loss.

Katherine Howell died on an unidentified day in 2019. Sonya Martin, LeRoy

Howell's daughter, noticed a marked deterioration in LeRoy's ability to manage his

affairs after her mother's death. After the death, Martin managed LeRoy's finances. On

a later unidentified date in 2019, LeRoy Howell married Kathie Clayton.

In the fall of 2019, Evaan Solomon, formerly known as Ivan Kriger, approached

LeRoy Howell to purchase Howell's Latah Creek property. Howell and Solomon had not

met before. Howell lacked knowledge of Solomon's history of real estate fraud, which

resulted in at least thirteen civil claims and hundreds of thousands of dollars in judgments

2

against Solomon.  Howell informed Solomon that his asking price was $1,000,000.
Solomon offered to give Howell a down payment of $300,000 within the coming weeks.

In October 2019, Evaan Solomon appeared regularly and unannounced at LeRoy
Howell's residence in Kamiah, Idaho.  Solomon repeatedly promised to tender, in the
immediate future, the $300,000 down payment for the Latah Creek plot.  Over
subsequent weeks, Solomon offered to partner with Howell to jointly develop the
property, in lieu of purchasing the property.  Solomon repeatedly beseeched Howell to
enter a development partnership.    Howell rejected the entreaties.

On November 6, 2019, Evaan Solomon appeared once again at LeRoy Howell's
Kamiah residence.  Solomon presented a document for Howell to sign.  According to
Howell, Solomon represented the document as necessary to facilitate county approval of
an easement to Highway 195.  The document instead was a quit claim deed granting
Solomon a twenty-four foot easement across the entirety of Howell's 124.19 acre Latah
Creek property.  We refer to this document as the easement deed.

On November 6, 2019, while relying on Evaan Solomon's representations, LeRoy
Howell signed the easement deed.  The deed mentions no trust created by Solomon,
which trust Solomon later asserted existed.  The easement deed did not address
consideration, nor did Howell provide any payment for the grant of the easement.  No
notary public acknowledged the deed.

On November 7, 2019, Evaan Solomon returned to LeRoy Howell's Kamiah home and asked Howell to sign more forms for the state. Solomon then presented to Howell and Howell signed a quit claim deed transferring the fee simple interest in the 124.19-acre Latah Creek plot to Solomon. We refer to this document as the fee simple deed.

On the fee simple deed, Evaan Solomon listed the grantee as the Evaan Syrah Solomon Trust 120. During litigation, Solomon produced a trust document entitled "The Evaan Syrah Solomon Trust—120 Living Trust." Clerk's Papers (CP) at 485-500. The trust's name differs from the name Solomon wrote on the fee simple deed: "Evaan Syrah Solomon Trust 120." The trust document appointed, as joint trustees of the trust, Solomon's daughters, Anastatiya Nabors, Rachel Kriger, and Marilyn Kriger.

The November 7 fee simple deed referenced an Exhibit A, but had no exhibit attached. No notary public acknowledged the deed. Although the fee simple deed reads that Solomon paid $100 in consideration for the transfer, Solomon tendered no money. According to LeRoy Howell, Solomon later added, to the deed, the parcel number and a partial legal description for the property with a different pen.

The signing of the fee simple deed purports to be witnessed by Yevgeniy Fedin and Andrey Samolovov. Fedin is an adjudicated incompetent person and Samolovov is Evaan Solomon's brother. According to LeRoy Howell, neither Fedin nor Samolovov were present at the time he signed the fee simple deed.

4

On November 13, 2019, Evaan Solomon recorded the easement deed with the Spokane County Auditor. On November 14, he recorded the fee simple deed with the auditor. Only the first page of the fee simple deed contains a stamp from the Spokane County Auditor. Solomon completed a real estate excise tax affidavit, under penalty of perjury, that declares consideration of $100. The affidavit lists Solomon as grantor and the Evaan Syrah Solomon Trust 120 as grantee.

Unbeknownst to LeRoy Howell, Evaan Solomon retained the services of Suzy Dix, a local realtor, for assistance in selling the Latah Creek property. Solomon represented himself to Dix as the owner of the property.

In late 2019, Evaan Solomon informed Patrick Dullanty that he had purchased LeRoy Howell's land and wished to sell Dullanty the northern forty acres of the plot. Dullanty owned land north of Howell's Latah Creek property. Before considering Solomon's offer, Dullanty performed research on Solomon.

Patrick Dullanty reviewed, in the Spokane County Auditor's office, the November 7 fee simple deed from LeRoy Howell to the Evan Syrah Solomon Trust. The deed caused Dullanty concern, due to it being hand-written, incomplete, and unnotarized. Dullanty spoke with LeRoy Howell about the deed. Howell stated he did not know he had conveyed his land.

In March 2020, Spokane County Title Company informed realtor Suzy Dix that, due to the fee simple deed's lack of notarization, its incomplete legal description, and the

5

many legal judgments against Evaan Solomon, the company declined to insure title for Solomon. Dix informed Solomon that she would not market the property until a title company would insure title. Dix extinguished her property listing for Solomon.

PROCEDURE

On March 16, 2020, LeRoy Howell, his wife Kathie Clayton, and his daughter Sonya Martin brought suit for quiet title, ejectment, and conversion against Evaan Solomon. We refer to the plaintiffs collectively as LeRoy Howell or Howell. In his complaint, Howell named as defendants Evaan Solomon, the Evaan Syrah Solomon Trust 120, Green Global, LLC, a defunct business association that Solomon created, Ivan Kriger, Solomon's former name, and Natalya Kriger, Solomon's former wife, to whom he was married at the time Solomon filed the easement deed and fee simple deed with Spokane County.

In his complaint, LeRoy Howell asserted that Evaan Solomon uttered misrepresentations that caused Howell to sign the easement and fee simple deeds. Howell alleged to be a vulnerable adult, under RCW 74.34.020, in that he was over sixty years old and "functionally, mentally, or physically unable to care for himself." CP at 4. Howell contended that the two deeds were invalid for many reasons, including the lack of acknowledgments in violation of RCW 64.04.020 and the fraudulent circumstances under which he signed them. He alleged that, at the time of signing the deeds, he suffered

6

short-term memory loss and confusion due to his diabetes and his grief over losing his wife of many years, Katherine Howell.

On March 16, 2020, the superior court authorized service by publication on "all persons or parties unknown claiming any right, title, estate, lien or interest in the real estate described" in LeRoy Howell's complaint. CP at 49-50 (capitalization omitted). On March 19, 2020, a process server served Evaan Solomon and the Evaan Syrah Solomon Trust 120. On March 21, 2020, Natalya Kriger was personally served. For six weeks, between April 23 and May 28, 2020, LeRoy Howell served defendants by publication via *The Spokesman-Review*.

On April 6, 2020, Evaan Solomon filed his answer to LeRoy Howell's complaint. In his answer, Solomon stated that Howell had signed a quitclaim deed that granted him the Latah Creek property. Solomon also stated that he had met with Howell on eighteen occasions and entered into a real estate development contract. No other defendant filed an answer.

Much of Evaan Solomon's answer discussed his belief that LeRoy Howell's attorney, Lisa Brewer, retaliated against him for speaking openly about her illegal operations. According to Solomon, Brewer and her busy law firm engaged in poaching elk, fish, and caviar. Solomon maintained that Brewer brought five cases against him in an attempt to defame him. He alleged that Brewer harassed him by contacting his current

and previous business associates and his loved ones, which caused him physical and emotional stress.

In Evaan Solomon's answer, he did not address nor deny the flaws in the easement and fee simple deeds signed by LeRoy Howell. He did not deny the deeds' incompleteness or lack of acknowledgement or that he added the legal description for the Latah Creek property in the second deed after Howell signed the document. Solomon did not dispute Howell's status as a vulnerable adult.

On June 23, 2020, LeRoy Howell filed a motion for default. He requested that all defendants, except Evaan Solomon, be held in default for their lack of a response to the complaint. On the same day, Howell filed a motion for summary judgment. In the latter motion, he argued that his complaint established a prima facie case to quiet title and that Solomon's answer either admitted or failed to deny the material facts of the complaint.

On July 6, 2020, LeRoy Howell sought an order for an ex parte restraining order. The superior court entered the order, and thereafter Evaan Solomon received notice of the order.

On July 7, 2020, Evaan Solomon filed a response to LeRoy Howell's motions for default and summary judgment. Solomon did not directly address the arguments forwarded in Howell's motion, but rather outlined Lisa Brewer alleged illegal behavior and mission to defame him. Solomon also requested a six- to eight-month continuance of the motions hearing because of his poor health.

On July 15, 2020, Evaan Solomon filed a motion to dismiss the complaint. The motion mentioned Lisa Brewer's filing of five other lawsuits against Solomon and argued that the number of lawsuits exceeded the legal limit.

On July 17, 2020, the superior court entertained LeRoy Howell's motion for default, motion for summary judgment, and motion for a permanent restraining order. At the hearing, Evaan Solomon murmured about Lisa Brewer's trespassing on his property and her hunting of elk and caviar. He did not mention whether Brewer shot bullets at the caviar. Solomon also alleged that Howell's neighbor, Patrick Dullanty, killed Sergei Savin.

During the July 17 hearing, the superior court informed Evaan Solomon that a deed required formalities such as a notary acknowledgement. The court asked Solomon whether any facts showed notarization of the fee simple deed. Solomon conceded the lack of an acknowledgement.

> So he [LeRoy Howell] asked me to meet at that bridge. We supposed [sic] to meet at the notary, but he said, I have one guy with me, he will notarize, and you have a guy. And I said, That's fine, let's meet at the bridge. So we met at the bridge. We signed the quitclaim deed. *We supposed [sic] to notarize it. I understand that. I told him, We have to* notarize it. He said, Can [sic] you come another time. I said, Yes. So *another time didn't come because Lisa Brewer was involved with her negative story about me*.

Report of Proceedings (RP) at 21 (emphasis added). During the July 17, 2020 hearing, Evaan Solomon never mentioned the Evaan Syrah Solomon Trust 120.

9

During its oral ruling, the superior court highlighted Evaan Solomon's failure to focus his argument on LeRoy Howell's motion for summary judgment. The court granted the motion due to a lack of any genuine issue of material fact. The superior court also granted LeRoy Howell's motion for default judgment against all nonresponsive parties, including the Evaan Syrah Solomon Trust 120. Finally, the court entered an order continuing the restraining order against Evaan Solomon and another order quieting title as to all defendants.

LAW AND ANALYSIS

Default Judgment

On appeal, Evaan Solomon contends that the superior court mistakenly entered default against the Evaan Syrah Solomon Trust 120 because Solomon represented the trust during the July 17, 2020 default hearing. LeRoy Howell responds that Evaan Solomon lacks authority to appeal the default judgment against the trust since his daughters, not him, are trustees of the trust.

We decline to consider Evaan Solomon's challenge to the default judgment against the Evaan Syrah Solomon Trust 120, because he raises the claim for the first time on appeal. He did not contest the default motion before the superior court. RAP 2.5(a) declares, in relevant part:

> The appellate court may refuse to review any claim of error which was not raised in the trial court. However, a party may raise the following claimed errors for the first time in the appellate court: (1) lack of trial court

10

jurisdiction, (2) failure to establish facts upon which relief can be granted, and (3) manifest error affecting a constitutional right.

Summary Judgment

Evaan Solomon contends that the superior court erroneously granted summary judgment to LeRoy Howell, because Howell voluntarily signed the fee simple deed and Solomon properly recorded the deed. Solomon requests an order quieting title in him in the Latah Creek property. Howell responds that Evaan Solomon's answer failed to respond to the facts alleged in Howell's complaint and Solomon never controverted the facts provided to the court by Howell in support of the summary judgment motion.

Summary judgment is proper when "there is no genuine issue of any material fact and the moving party is entitled to judgment as a matter of law." CR 56(c); *State ex rel. Banks v. Drummond*, 187 Wn.2d at 167. A material fact is one "which the outcome of the litigation depends." *Clements v. Travelers Indemnity Co.*, 121 Wn.2d 243, 249, 850 P.2d 1298 (1993). The adverse party may not rely on its pleadings, other than affidavits, to defeat a summary judgment motion. CR 56(e). Solomon filed no countervailing declaration to LeRoy Howell's summary judgment motion.

In his briefing on appeal, Evaan Solomon focuses on discrediting LeRoy Howell's attorney, Lisa Brewer, and Howell's neighbor, Patrick Dullanty. He indicts Brewer for poaching elk and aquatic wildlife and Dullanty for killing Sergei Savin. He adds an accusation of minor sex trafficking against both. False accusations of misconduct against

11

the movant party's attorney and neighbor do not create an issue of material fact for trial on the complaint's allegations.

RCW 64.04.020 requires that, for a deed to be valid, the deed must be in writing, signed by the parties, and "acknowledged by the party before some person authorized by [ ]this act to take acknowledgements of deeds." An instrument not acknowledged by the grantor is not yet a deed. *Genesee, Inc. v. Firstline Investment, Inc.*, 48 Wn. App. 707, 710-11, 740 P.2d 367 (1987). Thus, the easement and the fee simple deeds, as a matter of law, are void.

We agree with LeRoy Howell that summary judgment was also appropriate on the basis that Evaan Solomon took advantage of Howell, a vulnerable adult. In his reply brief, Evaan Solomon argues that LeRoy Howell wore glasses when reviewing the quitclaim deeds and signed them of his own free will. Nevertheless, Solomon filed no affidavit or declaration before the superior court that denied LeRoy Howell's being a vulnerable adult.

RCW 74.34.020(22) defines a "vulnerable adult" as an individual:

> (a) Sixty years of age or older who has the functional, mental, or physical inability to care for himself or herself.

RCW 74.08.338 declares that, if a real property transaction involves a vulnerable adult selling their property for less than fair market value, then the resulting deed is prima facie evidence of fraud:

12

> When the consideration for a deed executed and delivered by a recipient *is not paid, or when the consideration does not approximate the fair cash market value of the property, such deed shall be prima facie fraudulent* as to the state and the department may proceed under RCW 43.20B.660.

(Emphasis added.)

Evaan Solomon did not dispute that he paid LeRoy Howell nothing for either the easement or fee simple title deed. LeRoy Howell's complaint established a prima facie case for fraud by exploitation of a vulnerable adult that Solomon did not rebut.

We remind the parties that findings of fact and conclusions of law are superfluous on appeal. *Chelan County Deputy Sheriffs' Association v. Chelan County*, 109 Wn.2d 282, 294 n.6, 745 P.2d 1 (1987); *Mora v. MacGilvary*, 19 Wn. App. 2d 260, 266, 495 P.3d 850, 855 (2021). Also, any summary judgment order should list all pleadings and documents, on which the superior court relied in granting or denying the summary judgment motion. CR 56(h).

### Attorney Fees

LeRoy Howell requests reasonable attorney fees based on Evaan Solomon's predatory activities, intransigence, and frivolous appeal. He requests fees pursuant to RCW 4.84.185 and RAP 18.9. Solomon does not challenge Howell's request for reasonable attorney fees.

RAP 18.9(a) authorizes this court to sanction a party that files a frivolous appeal. The rule states, in relevant part:

> The appellate court on its own initiative or on motion of a party may order a party or counsel, or a court reporter or authorized transcriptionist preparing a verbatim report of proceedings, who uses these rules for the purpose of delay, *files a frivolous appeal*, or fails to comply with these rules *to pay terms or compensatory damages to any other party who has been harmed by the delay or the failure to comply or to pay sanctions to the court*.

(Emphasis added.)  An appropriate sanction under RAP 18.9(a) is requiring the violating party to pay the other party's attorney fees.  *Advocates for Responsible Development v. Western Washington Growth Management Hearings Board*, 170 Wn.2d 577, 580, 245 P.3d 764 (2010); *Reid v. Dalton*, 124 Wn. App. 113, 128, 100 P.3d 349 (2004).

When evaluating whether an appeal is frivolous, this court considers the following factors:

> "(1) A civil appellant has a right to appeal under RAP 2.2; (2) all doubts as to whether the appeal is frivolous should be resolved in favor of the appellant; (3) the record should be considered as a whole; (4) an appeal that is affirmed simply because the arguments are rejected is not frivolous; (5) an appeal is frivolous if there are no debatable issues upon which reasonable minds might differ, and it is so totally devoid of merit that there was no reasonable possibility of reversal."

*Espinoza v. American Commerce Insurance Co.*, 184 Wn. App. 176, 202, 336 P.3d 115 (2014) (*quoting, Griffin v. Draper*, 32 Wn. App. 611, 649 P.2d 123 (1982)).

Evaan Solomon has been afforded multiple opportunities to deny or rebut LeRoy Howell's factual allegations.  At each juncture, Solomon chose instead to attack the credibility of Howell's attorney and neighbor and to make conclusory statements as to his ownership of the Latah Creek property.  He never properly responded to the substantive

14

allegations in Howell's complaint. He claimed to represent a trust that names others as the trustee. We could have summarily rejected Solomon's appeal because he never assigned any errors to the superior court's rulings. RAP 10.3(a)(4). Therefore, we grant LeRoy Howell reasonable attorney fees and costs incurred on appeal.

CONCLUSIONS

We affirm the superior court's summary judgment order against Evaan Solomon and default judgment against all other defendants. We grant LeRoy Howell reasonable attorney fees and costs incurred on appeal Evaan Solomon and the trust.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, J.

WE CONCUR:

_____
Siddoway, J.

_____
Pennell, C.J.

15