

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Parentage of | ) | |
| | ) | No. 40298-3-III |
| GREGORY SCHER, | ) | (Consolidated with |
| | ) | No. 40324-6-III) |
| Appellant, | ) | |
| | ) | |
| and | ) | UNPUBLISHED OPINION |
| | ) | |
| LYDIA TREISCHEL, | ) | |
| | ) | |
| Respondent. | ) | |

STAAB, J. — Gregory Scher appeals the Final Order and Findings on Petition to Change a Parenting Plan or Custody Order, the final Parenting Plan, and the Order on Motion to Restrict Abusive Litigation that resulted from the trial in this case. He challenges multiple trial court rulings related to the entry of the parenting plan and the imposition of monetary sanctions. As relief, Scher seeks reversal of the trial court's orders, reassignment to a different judge, dismissal of protective orders, and expanded visitation rights.

Lydia Treischel responds that the appeal is frivolous and should be dismissed for failure to comply with the RAPs, lack of legal authority or citation to the record, and

failure to demonstrate reversible error. She also requests an award of reasonable attorney fees as a sanction for Scher filing a frivolous appeal.

We agree with Treischel and conclude that Scher's appeal is frivolous. Scher's briefing and the record are wholly inadequate to permit appellate review. Accordingly, we affirm and award Treischel her reasonable attorney fees incurred in responding to this appeal.

BACKGROUND

Gregory Scher and Lydia Treischel are the parents of H.S., their son, who was born in 2016. The parties married in Hawaii in 2016 and divorced in 2019. As part of the divorce, a Hawaii court entered a custody order and parenting plan for H.S. Treischel relocated to Spokane with H.S., while Scher remained in Hawaii.

In June 2022, attorney Bevan Maxey, on Scher's behalf, filed a petition in Spokane County Superior Court to modify the Hawaii parenting plan.[1] Scher sought a major modification, requesting expanded residential time or a change in primary residential placement. He argued that Treischel failed to follow the parenting plan more than once in three years. In the alternative, he requested a minor schedule modification. Treischel opposed the petition.[2]

---

[1] A copy of this parenting plan is not included in the record.

[2] In her declaration in opposition to the petition, Treischel states that she has a domestic violence protection order in place against Scher and that she also participates in Washington's "Address Confidentiality Program" to protect herself from Scher.

2

Approximately three weeks later, a superior court commissioner entered an order on adequate cause and a temporary parenting plan, although a copy of those orders are not included in the record. Scher moved to revise the commissioner's ruling. A hearing was held on the motion, but no transcript is included in the record, and it is unclear what, if any, orders were entered. The hearing minutes simply note that the court ruled "as indicated on the record." Clerk's Papers (CP) at 26.

The record does not reflect any proceedings between November 2022 and May 2023.

In May 2023, Maxey withdrew as counsel, and Scher proceeded pro se. Trial was initially set for December 4, 2023, but was continued at Scher's request to allow time for serving subpoenas. At a status hearing ten days later, the court advised Scher that his subpoena requests were deficient. The court explained that Scher did not need to subpoena Treischel but was required to serve notice of any other subpoenas, and to provide mileage, witness fees, and lodging and meals. The court stated it would follow up with a letter summarizing these instructions before adjourning the hearing.

Trial commenced on January 3, 2024. Scher appeared in person, and his two witnesses testified via "zoom." At the outset, the court addressed and orally denied

3

several motions Scher had filed, including motions for sanctions, summary judgment, and referral for disciplinary action against Treischel's counsel.[3]

During trial, the court admitted 99 exhibits[4] and heard the testimony from various witnesses. Following closing arguments, the court took the matter under advisement. On February 21, 2024, the court entered a Final Order and Findings on Petition to Change a Parenting Plan or Custody Order, a final Parenting Plan, and on March 19, 2024, entered an Order on Motion to Restrict Abusive Litigation. None of these final orders were designated in the record.

Scher appeals.

ANALYSIS

On appeal, Scher challenges numerous rulings by the trial court relating to the entry of a final parenting plan and the imposition of monetary sanctions. He seeks various remedies including reversal of the trial court's orders, reassignment to a new judge, dismissal of protective orders, and a finding of expanded visitation rights. Treischel responds that Scher's appeal is frivolous and should be dismissed for noncompliance with the RAPs, lack of legal authority or citations to the record, and failure to show reversible error.

---

[3] Copies of these motions are not included in the record.
[4] None of these exhibits are included in the record.

### 1. Standard of Review

Following a bench trial, we review the trial court's findings of fact and conclusions of law. Challenged findings are reviewed to determine if they are supported by substantial evidence. *In re Marriage of Black*, 188 Wn.2d 114, 127, 392 P.3d 1041 (2017). We review conclusions of law de novo and consider whether they are supported by the trial court's findings. *Littlefair v. Schulze*, 169 Wn. App. 659, 664, 278 P.3d 218 (2012). Ultimately, a trial court's parenting plan is reviewed for an abuse of discretion, which "occurs when a decision is manifestly unreasonable or based on untenable grounds or untenable reasons." *In re Marriage of Katare*, 175 Wn.2d 23, 35, 283 P.3d 546 (2012).

### 2. Applicable Legal Standards and Procedural Requirements

Under Washington law, pro se litigants are held to the same standard as attorneys and must comply with all procedural and substantive rules on appeal. *See In re Marriage of Olson*, 69 Wn. App. 621, 626, 850 P.2d 527 (1993). This includes the requirements under RAP 10.3(a)(5) and (6), which mandate that parties must (1) provide a fair statement of facts supported by citations to the record, and (2) support legal arguments with authority and record citations.

This court does not consider conclusory arguments unsupported by citation to authority. *Joy v. Dep't of Labor & Indus.*, 170 Wn. App. 614, 629, 285 P.3d 187 (2012). Where no authority for an assertion is made, we may presume none exists. *DeHeer v.*

5

*Seattle Post-Intelligencer*, 60 Wn.2d 122, 126, 372 P.2d 193 (1962).  Moreover, passing

"'treatment of an issue or lack of reasoned argument is insufficient to merit [this court's]

consideration.'"  *West v. Thurston County*, 168 Wn. App. 162, 187, 275 P.3d 1200

(2012) (quoting *Holland v. City of Tacoma*, 90 Wn. App. 533, 538, 954 P.2d 290 (1998)).

"A party waives an assignment of error not adequately argued in its brief."  *Milligan v.*

*Thompson*, 110 Wn. App. 628, 635, 42 P.3d 418 (2002).

Additionally, appellate review requires a sufficient record under RAP 9.2(b).  It is

the appellant's burden to perfect the record so that the court has before it all of the

evidence relevant to the issue.  *Rhinevault v. Rhinevault*, 91 Wn. App. 688, 692, 959 P.2d

687 (1998).  This court is not "required to search the record for applicable portions

thereof in support of [a party]'s arguments."  *Mills v. Park*, 67 Wn.2d 717, 721, 409 P.2d

646 (1966).  An insufficient record precludes review of alleged errors.  *Stiles v. Kearney*,

168 Wn. App. 250, 259, 277 P.3d 9 (2012).

   *3.  Scher's Assignments of Error and Related Requests are Insufficient*

   Scher has failed to comply with these rules and his assignments of error are

therefore insufficient for our review.  His brief consists largely of unsupported

allegations, grievances, and conclusory statements.  Critically, Scher did not designate or

transmit the trial court's final orders or any of the 99 trial exhibits.

   Although Scher lists numerous alleged errors by the trial court, he does not

provide meaningful legal argument or record citations to support them, which

6

significantly hampers our ability to consider the arguments that Scher raises. *See Joy*, 170 Wn. App. at 629 (conclusory arguments unsupported by authority are insufficient). Thus, we decline to review Scher's appeal.

Treischel requests an award of reasonable attorney fees as a sanction against Scher under RAP 18.1 and 18.9, asserting that his appeal is frivolous. Scher did not respond to this argument in his reply brief.

RAP 18.1 permits an award of reasonable attorney fees on appeal if recoverable under applicable law. Under RAP 18.9(a), "[t]he appellate court on its own initiative or on motion of a party may order a party or counsel . . . who uses these rules for the purpose of delay, files a frivolous appeal, or fails to comply with these rules to pay terms or compensatory damages to any other party who has been harmed by the delay or the failure to comply or to pay sanctions to the court." "Appropriate sanctions may include . . . an award of attorney fees and costs to the opposing party." *Yurtis v. Phipps*, 143 Wn. App. 680, 696, 181 P.3d 849 (2008).

When determining whether an appeal is frivolous, the court will consider the following factors:

> "(1) A civil appellant has a right to appeal under RAP 2.2; (2) all doubts as to whether the appeal is frivolous should be resolved in favor of the appellant; (3) the record should be considered as a whole; (4) an appeal that is affirmed simply because the arguments are rejected is not frivolous; (5) an appeal is frivolous if there are no debatable issues upon which

7

> reasonable minds might differ, and it is so totally devoid of merit that there was no reasonable possibility of reversal."

*Espinoza v. Am. Commerce Ins. Co.*, 184 Wn. App. 176, 202, 336 P.3d 115 (2014)

(quoting *Griffin v. Draper*, 32 Wn. App. 611, 616, 649 P.2d 123 (1982)).

Applying these standards, Scher's appeal is frivolous. His briefing contains no legal authority, fails to meaningfully cite to the record, and presents no debatable issues upon which reasonable minds could differ. The appeal is so wholly lacking in merit that there is no reasonable possibility of reversal. Accordingly, subject to Treischel's compliance with RAP 18.1(d), we grant her request for reasonable appellate attorney fees as a sanction under RAP 18.9.

We affirm and impose sanctions against Scher in the form of an award of Treischel's reasonable appellate attorney fees.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Staab, J.

WE CONCUR:

_____        _____
Lawrence-Berrey, C.J.                              Cooney, J.

8